ARDRY'S WIFE
*vs.*
ARDRY, HER HUS-
BAND : KAIN
& CO. ET AL.
INTERVENORS.

16L 264
48 1036

ARDRY'S WIFE *vs.* ARDRY, HER HUSBAND : KAIN & CO. ET AL.
INTERVENORS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF
RAPIDES, JUDGE KING OF THE FIFTH DISTRICT PRESIDING.

The letter of law may be disregarded with the *honest intention* of seeking its spirit when it leads to an absurd conclusion, and the judge is bound to recede from the letter until he arrives at a reasonable conclusion.

The article 391 of the *Code of Practice*, provides that " one may intervene either before or after issue joined, provided the intervention do not retard the principal suit; yet time must be allowed to cite the party against whom it is directed, and the same delays, to answer or respond to interrogatories, given as in ordinary suits.

So, where the plaintiff has treated the intervening parties as properly in court, he must allow them the usual delays to bring in the answers of all the necessary parties.

This is an action by the wife against her husband for a separation of property, and sundry creditors of the husband who intervened in the suit.

The plaintiff alleges that when she married her present husband, she brought a large amount of paraphernal property in marriage ; being owner of one-half of her first hus-

band's community, and in possession of the other half as the tutrix of her children by the first marriage. That her husband's affairs are in a deranged and embarrassed state, so much so that she is induced to believe his estate will not be sufficient to satisfy her claims and rights; wherefore, she prays for a separation of property, and that she be decreed to have the exclusive control and administration of her own separate and paraphernal property, and that of her minor children; that her mortgage upon the property of her husband, for the reimbursement of such of her property, effects and money, as he may have alienated and appropriated to his own use, be recognized, and that judgment of separation be pronounced in her favor, accordingly, for the sum of five thousand seven hundred and eighty-four dollars which he justly owes her.

This suit was filed the 7th May, 1840, and the wife authorized by the judge to institute suit, and on the same day the husband acknowledged service of the petition, and waived all the other process. On the next day, the defendant came into court and confessed judgment; acknowledging that all the allegations in the plaintiff's petition are substantially true, and that he confesses judgment according to the prayer of the petition.

On the 11th May, Barret and Young filed their petition of intervention, alleging themselves to be creditors of Ardry the husband; upon which citations issued, allowing thirteen days for the return thereof.

Kain & Co., Lambeth & Thompson, and James Pearce, all intervened and claimed to be creditors of Ardry, and prayed for leave to file their several interventions, and also alleged fraud and collusion between the husband and wife in this suit, with a view to defraud creditors and keep them out of their just rights. They pray that Ardry and wife be both cited. This petition was filed the 13th May, 1840, and on the same day citations issued, returnable in thirteen days.

The plaintiff amended her petition, and propounded interrogatories to Lambeth & Thompson, relative to the nature of

ARDRY'S WIFE
vs.
ARDRY, HER HUSBAND: KAIN
& CO. ET AL.
INTERVENORS.

WESTERN DIST.
October, 1840.

ARDRY'S WIFE.
vs.
ARDRY, HER HUS-
BAND: KAIN
& CO. ET AL.
INTERVENORS.

their claim ; and the defendant, Ardry, was sworn in open court to answer interrogatories touching his account with Lambeth & Thompson, all of which was done at the instance of the plaintiff.

On the 22d May, 1840, at the same term of the court, the plaintiff went into a trial on the merits, and offered evidence ; had judgment of separation of property, and for the sum of four thousand nine hundred dollars, with legal interest and mortgage.

When the case was called for trial, the intervenors objected to going into trial at that time, and moved a continuance until all the parties were properly before the court, as service of the citations had not been returned, nor the legal delay expired ; that the utmost diligence had been used to bring before the court the proper parties, by the intervenors, and that by the *articles* 389 and 393, of the *Code of Practice*, the "petition of intervention must be served on the adverse party, in order that he may answer the same in the delay given in ordinary suits."

But the court refused to continue the cause so as to afford the intervenors the legal delay necessary to bring the defendants properly before the court, or even to read their petitions, or take any part in the trial of the cause, on the ground that there was no issue between the intervenors and original parties, and that the intervenors cannot retard the progress of the cause ; to which opinion of the court, the intervenors excepted and appealed.

*Hyams* and *Dunbar*, for the plaintiff.

*Elgee, Thomas* and *Ogden*, for the intervenors and appellants.

*Martin, J.*, delivered the opinion of the court.

This is a suit for a separation of property. Certain creditors of the husband intervened, who opposed the original parties proceeding to trial, until the citations of the interve-

WESTERN DIST.
October, 1840.

ARDRY'S WIFE
vs.
ARDRY, HER HUS-
BAND: KAIN
& CO. ET AL.
INTERVENORS.

nors had been served, and the legal delay allowed to answer in had expired. The court directed the trial to go on, being of opinion that under the provisions of the Louisiana Code, and the Code of Practice, the intervenors could not retard the progress of the cause. *Louisiana Code*, 2408 ; *Code of Practice*, 391. The counsel of the intervenors took their bill of exception. The cause proceeded, judgment was given, and the intervenors appealed.

The appellants show that they alleged fraud and collusion ; that the original parties hurried on the case with unusual rapidity ; the husband giving every aid in his power to the plaintiff.

The petition was filed on the 7th May, 1840, the very day the wife was authorized to bring suit, and on the same day the husband acknowledged service of the petition and waived citation. On the next day he confessed judgment ; acknowledging that all the allegations in the petition were true. On the 11th and 13th of the same month, the creditors of the husband intervened, and citations were issued returnable in 13 days, being the legal delay. The plaintiff amended her petition and propounded interrogatories to some of the intervenors, on the nature and extent of their claims against her husband. On the 22d May, nine days after filing of the last intervention, the plaintiff proceeded to trial against her husband, which the intervenors and appellants attempted to prevent by application to the court to continue the cause ; the rejection of which, is the grounds of the present appeal.

The *Code of Practice, article* 391, provides that, "the intervention may be filed either before or after issue joined ; provided, the intervention do not retard the principal suit." The appellants' counsel show that the article 393, requires the " petition of intervention to be served on the party against whom it is directed, in order that he may answer to the same, in the same delay given in ordinary suits." The *Louisiana Code*, 2408, authorises " the creditors of the husband to become parties to the suit of the wife for a separation of property *and be heard against it.*"

WESTERN DIST.
October, 1840.

ARDRY'S WIFE
vs.
ARDRY, HER HUS-
BAND : KAIN
& CO. ET AL.
INTERVENORS.

The letter of the
law may be dis-
regarded with
the *honest inten-
tion* of seeking
its spirit when
it leads to an ab-
surd conclusion,
and the judge is
bound to recede
from the letter
until he arrives
at a reasonable
conclusion.

The article
391 of the *Code
of Practice*, pro-
vides that "one
may intervene
either before or
after issue join-
ed, provided the
intervention do
not retard the
principal suit;
yet time must be
allowed to cite
the party against
whom it is di-
rected, the same
delays to answer
or respond to
interrogatories,
given, as in ordi-
nary suits.

So, where the
plaintiff has trea-
ted the inter-
vening parties as
properly in
court, he must
allow them the
usual delays to
bring in the an-
swers of all the
necessary par-
ties.

The appellees' counsel has urged that the Code of Practice expressly requires, that the creditors be not allowed to retard the progress of the suit. That this provision of the Code is clear and unambiguous, and that, therefore, the letter of the law ought not to be disregarded under the *pretext* of pursuing its spirit." *Louisiana Code*, 13. The negative of this article is pregnant with an affirmative, to wit, that even when a law is clear and unambiguous, the letter may be disregarded with the *honest intention* of seeking its spirit. When, therefore, the letter of the law leads to an absurd conclusion, the judge is bound to recede from it, until he arrives at a reasonable conclusion. The construction which the inferior judge has given to the *article* 391 of the *Code of Practice*, is *Lord Coke's male-dicta interpretatio quæ corrodit viscera texti.* The law has expressly provided that the creditors of the husband may intervene; that their petition of intervention must be served on the wife, and that she be cited within the legal delay, which cannot be less than ten days, in order that she may answer. It has, by the strongest implication, provided that creditors may join issue on the, answer, and proceed to trial thereon. The decision of the judge *a quo*, if it be a correct one, blots out that part of the Louisiana Code, which allows the intervention of the creditors, because it retards the proceedings of the wife against her husband; and in no case can the petition of intervention be filed, a copy of it served on the wife, with a citation to answer within the legal delay, her answer put in, issue joined thereon, and trial take place, without occasioning some delay or retarding the progress of the original suit.

In the present case, the wife appears to have waived the faculty of opposing the intervention on the ground that it retarded the proceedings against her husband. She has treated the intervening parties as properly in court, by propounding interrogatories to some of them, thus admitting that they are legally entitled to the time within which a party is bound to answer interrogatories. The suit was brought in the parish of Rapides, and the party interrogated resides in New-Orleans; it was, therefore, impossible, on the 22d May,

when the motion to delay the trial of the cause was made,
that the interrogatories could have been answered ; only nine days having elapsed since the filing of the petition of inter- vention, and but fifteen days from the institution of the original suit.

It is, therefore, ordered, adjudged and dreceed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded with directions not to proceed in the trial of the original cause, until the intervenors and appellants shall have the opportunity, and the legal delay necessary to bring the parties in the original suit properly before the court ; the plaintiff and appellee paying the costs of the appeal.