## Dubroca v. Her Husband.

In an action by a wife against her husband for a separation of property, intervenors are
entitled to the delay necessary to cite the original parties, and for them to answer,
though the effect may be to retard the action.

Where an intervenor in an action between a husband and wife for a separation of property,
excepts to a decision of the court refusing to delay the trial to enable him to cite the
original parties, but afterwards enters into, and files in the case. an agreement by which
he waives his opposition to the cause being then tried, in consideration of the plaintiff's
agreeing, as far as she was concerned, in the execution of any judgment she might recov-
er, to sell the lands, slaves, and moveables separately, and the case is tried and plaintiff
obtains a judgment, the intervenor cannot afterwards, on the ground of a violation of the
agreement as to the sale of the property, take a judgment by default and proceed to try his
intervention. The action was ended when final judgment was rendered for the plaintiff,
on the waiver of the right of the intervenor. The judge could pronounce upon the merits
of the intervention only at the time of deciding the principal action. C. P. 394. The
waiver was equivalent to a withdrawal of the intervention: The remedy of the interve-
nor, for the violation of the agreement, is by a separate action.

Where a note expresses on its face that it was given for value, a denial of consideration, un-
supported by evidence, is not enough to impose on the plaintiff the burthen of proving the
consideration.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.    *Hiriart*
and *R. N.*, and *A. N. Ogden*, for the plaintiff.    *Bennett*, for the defendants.
*Elam*, for the intervenors, appellants.    The judgment of the court was pro-
nounced by

King, J.*    In the suit of the plaintiff against her husband, *V. Dubroca*, for
a separation of property, *LeBlanc* and *McCalop* intervened, and prayed for
judgments against the defendant for the amount of several promissory notes,
and that the plaintiff's claim should be rejected.    The judge permitted the
interventions to be filed, but refused to delay the trial of the cause for the pur-
pose of enabling the intervenors to cite the original parties, and the intervenors
took a bill of exceptions.    Subsequently, but during the same term of the court,
an agreement was entered into and filed in the suit, by which the intervenors
waived their opposition to the cause being then tried, in consideration of which
the plaintiff agreed that, in executing such judgment as she might obtain against
her husband, as far as she was concerned, the land, slaves, and moveable property
should be sold separately.    The cause proceeded to trial, and the plaintiff ob-
tained a judgment for a large sum.    At a subsequent term of the court the in-
tervenors applied for judgments by default against the original parties to the
suit, to which the latter objected, on the ground, that the suit was at an end, a
final judgment having been previously rendered.    The objection was at first
sustained, but the judge subsequently reconsidered his opinion and permitted de-
faults to be entered.    To this ruling, a bill of exceptions was taken.    The plaintiff
and defendant filed answers.    The latter denied that any consideration had
been given for the notes.    On the trial of the interventions the judge consider-
ed that the intervenors had failed to prove the consideration of the notes, and
rendered a judgment as in case of non-suit.    The intervenors have appealed,
and ask the reversal of both judgments.    They contend that the property was

*Eustis, C. J. did not sit on the trial of this case, on account of relationship to one of
the parties.

DUBROCA
v.
HER HUSBAND.

sold in block under the plaintiff's judgment, in violation of the agreement; and that they were authorized, by reason of this breach of the engagement, to proceed at a subsequent term of the court to final judgment on their interventions, and to show the insufficiency of the testimony to sustain the judgment obtained by the plaintiff.

The suit being one by a wife against her husband for a separation of property, the intervenors were entitled, under the rule established in the case of *Ardry* v. *Ardry*, 16 La. 264, to the delays necessary for serving citations upon the original parties, and for the latter to answer, although the effect might have been to retard the progress of the cause. If this right had been insisted upon by the intervenors they would have been entitled to a reversal of the judgment, and to have the cause remanded in order that they might be heard. But they waived their right to be heard when the principal action was tried, and permitted final judgment to be rendered. The judge is expressly required to pronounce upon the merits of the intervention, at the same time that he decides upon the principal action. C. P. art. 394. The waiver by the intervenors of their right to oppose the progress of the cause, and their consent that it should proceed to judgment, was equivalent to a withdrawal of the intervention. The judge, under the express renunciation by the intervenors of their right to be heard, was dispensed from pronouncing upon their intervention at the only time when legally he could have pronounced upon it, to wit, when deciding upon the principal action. The final judgment, which he was thus permitted unopposed to render between the principal parties, terminated the suit. There was no longer an action pending, in which third persons could intervene. If, as is alleged, the agreement under which the interventions were withdrawn, was subsequently violated, the effect of this breach of the contract was certainly not to set aside the judgment, and reinstate the parties as they stood before the court at the date of the agreement. The remedy of the intervenors is by a separate action.

We think that the judge erred in entertaing the intervention after a judgment had been rendered between the principal parties; but the demands of the intervenors having been dismissed, on the trial on the merits, as in case of non-suit, the rights of the parties are left in the same position that they would have been if he had declined to consider the interventions, and it does not become necessary to disturb the decree. We are not to be understood as assenting to the correctness of the ground upon which the district judge rejected the claims of the intervenors. The notes, upon which their interventions were founded, express that they were given for value. The denial of the consideration, unsupported by evidence of any kind, was not sufficient to impose upon the intervenors the burthen of proving the consideration. *Bradford* v. *Cooper*, 1 An. Rep. 326.                              *Judgment affirmed.*