## B. Haynes, Liquidator, &c., *v.* W. D. Carter and Wife.

When the Act of incorporation contains no provision for the liquidation of the affairs of the company, and the charter has been forfeited, it is competent for the Legislature, by subsequent enactment, to make such provision.

The plaintiff held the appointment of the Governor, of liquidator of the Clinton and Port Hudson Railroad Company. An exception to the competency of the petitioner to hold the office was taken. *Held :* The court will not go behind the appointment, and upon a collateral issue scrutinize the qualifications of the person appointed.

In an action by the liquidator for a contribution to pay the debts of the company, against third possessors of property mortgaged for the payment of the stock, the amount, assumed by him, necessary to be contributed, by each share of the capital stock, need not be fixed with mathematical precision, and can only be enquired into on a trial of the merits.

APPEAL from the District Court of the parish of East Feliciana, *Sterling,* J. *Winter & Fuqua,* for plaintiff. *Dunn & Merrick,* for defendant and appellant.

Buchanan, J. This is a suit brought in pursuance of a decree of the District Court, affirmed by the Supreme Court, in the suit of the *New Orleans Gas Light Company* v. *Bythell Haynes, liquidator,* 7th Ann. Rep. The defendants are third possessors of land mortgaged for the security of one hundred and one shares of the capital stock of the Clinton and Port Hudson Railroad Company. Petitioner alleges that a contribution of three-fifths of the par

HAYNES
v.
CARTER.

value of the stock is required for the purpose of meeting debts of the insolvent corporation by him administered; which contribution amounts, in regard to these defendants, to six thousand and sixty dollars, and for that sum he asks that the land held by defendants be sold for cash. The defendants, plead three peremptory exceptions, the first of which having been sustained by the District Court, the plaintiff has appealed.

The exceptions are:

1st. Unconstitutionality of the different Acts of the Legislature in relation to the liquidation of the affairs of the Clinton and Port Hudson Railroad Company.

2d. That plaintiff is without the legal capacity to act as liquidator of the company, being now, and at the date of his appointment, a debtor of the Clinton and Port Hudson Railroad Company.

3d. That the action is premature, no action having been filed by plaintiff of his administration; which is alleged to be necessary for the purpose of ascertaining the amount for which the several stockholders are liable to contribute.

Upon the first exception, the argument of defendant is, substantially, that the charter of the Clinton and Port Hudson Railroad Company is a contract between the State and the corporators: that it embraces no provision relative to the liquidation of the affairs of the company in the event of its dissolution by forfeiture or otherwise, and neither actually nor constructively vests any right in the State to provide, by subsequent legislation, for its liquidation. That, consequently, any such legislation impairs the obligation of a contract.

This conclusion does not seem to us to follow from the premises. Granting that the charter of the corporation was a contract between the State and the corporators, the contracting parties must be deemed to have had in view the general law of the State in relation to corporations, contained in the Civil Code. By that law (Article 438,) corporations are bound to the fulfillment of obligations contracted by them in conformity to the purposes of their incorporation, under penalty of forfeiture. That case has here arisen; for the allegations of the petition are to be taken as true, for the purposes of the exception. The Clinton and Port Hudson Railroad Company has forfeited its charter; and it is no violation of its fundamental compact that the State has, by subsequent legislation, supplied an *hiatus* or omission in the law, and ordained a course of proceeding, necessary to make Article 438 of the Code operative, and to protect the rights of the creditors, as well as of the corporators.

Thus, we see, that in section 5th of their charter, this corporation was authorized to borrow money for the objects of their incorporation, by the pledge of stocks or other security, and to issue certificates or other evidence of such loans. Acts 1833, p. 16. And the Act amending the charter, section 4, and following, authorizes the company to borrow $250,000 and to issue their bonds, bearing interest, and redeemable in capital at eight, fifteen and twenty years after date. Acts 1834, p. 115.

It certainly was not in the contemplation of the Legislature nor of the corporation, that those who should lend their money upon the faith of the bonds issued in conformity to these provisions of the charter, and upon the security of the property mortgaged by the corporators, would be remediless, in case of a failure to redeem the bonds at maturity, or to meet the interest as it accrued. The law being silent, however, as to the remedy, it was not only constitutional

but obligatory upon the Legislature, to provide one when the corporation should <span style="float:right">HAYNES<br>*v.*<br>CARTER.</span>
be found in default. As long ago as 1839, it was decided by the Supreme
Court, that the forfeiture which was the legal consequence of such default,
could not be assumed as an existing fact, by a debtor of a corporation in defence
of a suit instituted by the corporation against him, but must be enforced by
action at the instance of the State.

*Atchafalaya Bank* v. *Dawson*, 13 L. R. 497. All the Acts of the Legislature
complained of as unconstitutional by defendants, seem to us to have conformed
to the principles above expressed, and to have had for their aim that cardinal
principle of law and of morals, "surem cuique tribuere."

Upon the second exception, we have been referred to the Act of Assembly
of April 30, 1853, under which the petitioner was appointed liquidator, which
declares (section 2d, page 265, Session Acts,) that the liquidator must not be
a stockholder, debtor or creditor of the company. It is in proof that the peti-
tioner purchased on the 1st May, 1849, and still holds land mortgaged to the
Clinton and Port Hudson Company for the security of stock; that he is, in
other words, in the same situation as the defendants in this suit. Admit-
ting that the purchase of land encumbered with such a mortgage, made peti-
tioner a debtor of the Clinton and Port Hudson Railroad Company; (on which
point we express no opinion,) the objection cannot be raised in this form. It
is not disputed that the petitioner has received an appointment of liquidator
from the Governor, and it would be no more proper and regular for us to go
behind that appointment, and upon a collateral issue, to scrutinize the qualifi-
cations or the disqualifications of the petitioner for the office which he holds,
than it would be, in a suit brought by a curator of a vacant succession against
a debtor of the succession, to examine whether the appointment of the curator
had been preceded by the advertisements required by the 1108 and 1109th
Articles of the Civil Code.

Upon the third exception, the petitioner offered to prove that he had no
funds in hand to distribute, at the time he commenced this suit; which evidence
we think was erroneously excluded. The suit, as we have seen, was commen-
ced in obedience to a judgment of this court pronounced in the suit of the *Gas
Light Company* v. *Bythell Haynes.* We see no reason for doubting the cor-
rectness of that judgment. In carrying it into effect, the liquidator has assum-
ed the amount necessary to be contributed by each share of the capital stock,
to be three-fifths of its par value, in order to meet the liabilities of the corpor-
ation. This, like any other fact, may be traversed upon the merits, or the
liquidator may be held to prove it under the general issue. We do not con-
sider it to be properly a matter of exception. And to prevent a misunder-
standing, we think it proper here to announce our conviction, that even upon
the merits, the liquidator should not be held to establish with mathematical
precision the amount of the contribution necessary, but it will suffice if he do
so, approximatively. The mortgage assumed by the defendants, was a mort-
gage for the whole par value of one hundred and one shares of stock. To
that extent their land was encumbered. The obligation of each mortgagor for
stock is a distinct obligation, and can be enforced by the corporation or its
legal representatives, by a distinct action. The mortgagor or third possessor of
property mortgaged cannot complain at being sued for a less amount than
that called for by the mortgage. His right will always remain, of looking to
the stockholders or holders of property mortgaged for the security of stock, to

35

HAYNES
*v*
CARTER.

be refunded pro ratâ what he shall have been compelled to pay upon the mortgage.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed ; that the exceptions filed by defendants be overruled and the cause remanded, to be proceeded in according to law ; and it is further ordered and decreed, that the appellees pay costs of appeal.