Howell, J.
This caséis before us on a bill of exceptions taken to tho ruling of the District Judge, refusing permission to the appellant, a creditor of the defendant, on the day of the trial of tho canse, to intervene, on the ground that the plaintiff' could not bo forced to combat or resist the intervention until after service thereof, which had net been made; and, as Art. 2408 C. O. authorizes the creditors of the husband to become parties to the suit by the wife for a separation of property, and be. heard against her petition, the only question presented is one of diligence: Did the intervenor appear in time and in tho manner to be heard ?
She charged'that the suit by the wife was simulated, and instituted to defraud the creditors of the husband, and expressed herself ready to proceed with the trial; but did not ask that the plaintiff be served and cited, nor. for judgment against the defendant, her debtor. Her only object seemed to become defendant and resist the plaintiff’s demand.
Article 391 C. P. permits one to intervene, either before or after issue has been joined in "the cause, provided the intervention do not retard the principal suit; the person intervening must be always ready to plead, or exhibit his testimony; because he has always his remedy by a separate action to vindicate Ms rights.
Article 393 requires tho intervention to be formed by a petition addressed to the Court before which the principal demand has been brought; it must set forth the grounds on which the cause is supported. This pe-‘ tition must be served on the party against which it is directed, in order that he may answer to the same in the delay given in ordinary suits.
Article 394 declares that the judge cannot refuse to admit an intervention; but he must pronounce on its merits at the same time that he de *119 cicles tlie principal action ; if the demand be not sustained the person intervening- shall be decreed to pay the incidental costs.
According to Article 392, the intervenor is to be considered as plaintiff!'
In the case of Ardry v. Ardry, 16 La. 264, the rule was established, and was confirmed in Dunbroca v. Her Husband, 3 A. 331, that the intérvenors in such suits wore entitled to the delays necessary for serving citations upon the original parties; and for the latter to answer, although the effect might be to retard the progress of the cause ; but, in neither of those cases was the cause on trial when the intervention was demanded— in both citation was asked; in the former the plaintiff treated the intervening parties as properly in Court, by propounding interrogatories to some of them, thereby waiving- the faculty of opposing the intervention on the ground that it retarded the proceedings ; and, in the latter, the intervenors waived the right to oppose the progress of the cause by an agreement with the plaintiff. The facts and circumstances, as well as the pleadings in both cases, are different from those in this case, and cannot’ be said to be authority in favor of the intervenor here, who, not having conformed to the rules prescribed for interventions, cannot complain if those rules are not inforced for her benefit. She did not allege or show diligence, nor that the parties were hurrying- on the case with unusual rapidity. It is true the defendant’s answer was filed only on the day-preceding the day of trial and intervention, but the suit had been ifisti'-' tuted nearly six months previously, and the record shows that the causé had been regularly assigned for trial; and it was only when it was taken, up that the appellant attempted to intervene. This, we think, was'too. late, 'without some further showing than the appellant has made.
We do not understand the Articles of the two Codes upon this subject,'.' and the two cases above cited, are susceptible of such construction as to authorize an intervention at any stage of the cause. The Articles of the Codes must be construed together and applied according to the eircum-’ stances of e-ach case, under the rules of pleading.
Judgment affirmed.