The opinion of the court was delivered by
Miller, J.
There is a motion to dismiss the appeal of the intervenors in this cause, on the ground that the amount in controversy is less than two thousand dollars.
The plaintiffs’ suit was for a debt exceeding two thousand dollars, enforced by writs of attachment under which the defendants’ property was seized. The intervenors, creditors for the amounts separately and in aggregate less than two thousand dollars, in their petition averred there was no debt of defendant to plaintiffs, that the suit and attachments were devices by which defendant’s property was to be transferred to the prejudice of his creditors and the relief sought was the annulling of plaintiffs’ proceedings and attachment against defendant, and that he be ordered to surrender his property to his creditors.
The plaintiffs’ debt, judgment and attachment are thus controverted by the intervenor and constitute the matter in controversy. We conceive it to be settled that the amount claimed by plaintiff in the suit and not that claimed by the intervenors is the test of our jurisdiction of this appeal. Hart vs. Lodwick, 8 La. 167; Colt vs. O’Gallagher, 2 An. 189.
The motion to dismiss is therefore denied.
The intervention was filed and the usual order made that defendant be cited. Within twelve days from the date of this order the plaintiff confirmed its default against defendant and the judgment dismissedthe intervention. From that judgment the intervenors appeal, *1036 and contend the judgment practically denied the right accorded them by law. While it is true the intervenor can not retard the principal suit, it is equally true the iutervenor must be allowed the time to cite the parties and put the intervention at issue. In this case there was no answer by defendant, and when the plaintiffs took their judgment, a default was due on the intervention, but if that default had been taken the very day the delay expired the demand of the intervenors was not ripe for confirmation. The judgment thus was rendered before the intervenors, with all possible promptitude, could have tried or confirmed default on their demand. It would be idle to accord the creditor the right to intervene if the plaintiff could close the controversy, for plaintiffs’ judgment must dispose of the intervention before the intervenor can try his case. See C. P. Arts. 389 et seq., 16 La. 264, Ardry’s wife vs. Ardry; Yale vs. Hooper, 12 An. 460.
It is therefore ordered that the judgment of the lower court be avoided and reversed, the intervention reinstated and proceeded with according to law, and that appellees pay costs.