BREAUX, C. J.
Summary of pleading and facts:
plaintiff charged that defendant slandered his title to trees on land described in his petition.
He alleges that he is the owner of the trees, and that they are in his possession.
He prays that by decree of court defendant be ordered to make good the right he asserts to those trees within a delay to be fixed by the court; or that he be enjoined and prohibited from setting up any claim to them; that he be quieted in his possession; and he prayed for damages in addition in the sum of $.5,000.
Exception:
The defendant in the first place interposed an exception to the jurisdiction of the court ratione personas, alleged that he is a resident of the parish of St. James, and that the property claimed is in St. James parish, and not in Assumption parish, as erroneously alleged.
He also filed an exception on the ground that plaintiff is without right or cause of action.
In the alternative, in this exception, defendant sets forth that plaintiff has never had possession of the property; that he (the exceptor) has been and is in possession.
Intervention:
At this state in the proceedings, Baker-Wakefield Cypress Company, Limited, filed its intervention on the ground that it is in possession of the N. W. % oí 54, on which the trees stand; that neither plaintiff nor defendant has ever been in possession; that its possession and ownership of the land date from February, 1907; that its author has been in possession over 40 years of the-land and timber in question.
.The furthei' claim is urged by intervener that both plaintiff and defendant are slandering its title, and it asks for judgment recognizing that fact and decreeing that neither plaintiff nor defendant are justified in claiming the property.
*985 Defendant answers plaintiff:
Reserving his exception, defendant in his answer denied plaintiff’s claim, alleged title to the land and timber by purchase in 1904, averred his possession since that date and his author’s title and possession since 1853.
He asks that plaintiff’s demand he rejected, and, again with reservation, he pleads that plaintiff’s asserted title is simulated, and he attacked the validity of the chain of title under which he alleges plaintiff claims to own the property.
lie also pleaded the prescription of 10 and 30 years.
Plaintiff answered the intervention, putting at issue the possession claimed by it and reiterating that he is in possession.
Defendant answered the intervention:
The defendant pleaded the general denial and specially denied that intervener is in possession; pleaded the same prescription against the Intervener that it had pleaded against plaintiff; and in the alternative asked that its possession he recognized; and in a second alternative it asked to be decreed the owner.
The exceptions were overruled, to which ruling a bill of exceptions was taken.
The learned judge of the district court, In the reasons for judgment, informs us that the motions to take defendant’s exceptions as an answer and to strike out the petition of intervention were tried and overruled, defendant’s exception to the jurisdiction of the court, ratione materise, and of the want of possession in plaintiff, were referred to the merits, and that defendant’s exception to the jurisdiction of the court, ratione personae, was not tried.
In a well-considered and elaborate opinion, the judge of the district court held that, in view of the contradictory and conflicting testimony, the land may as well be considered as situated in one parish as in the other, and that, the line not having been fixed by statute, he considered that it was within the parish lines of Assumption parish.
As relates to possession, a question tried with the merits, raised in the exception, and afterward alleged in defendant’s answer, he referred it to the merits as the question to be first decided.
Applying himself to the decision of the question of possession, he found that plaintiff was not in possession, and that he cannot he considered as ever having been in possession.
He, on the other hand, held that defendant had both possession and title to the property in controversy, an issue considered only between plaintiff and defendant.
As to the intervener: The learned judge declined to decide any of the issues raised by its intervention, and decided that it had no right to substitute itself either as plaintiff or defendant, and he for that reason dismissed the intervention.
Plaintiff and defendant appealed.
On appeal, plaintiff and defendant filed a motion in which they alleged that they had compromised the suit; that there remains nothing to he decided; they asked that the appeal be dismissed at appellant’s costs.
Nature of property:
At the outset it is deemed proper "to state that, the trees standing on the land having been made immovable by statute, suits in regard to them are subject to the laws which obtain and govern in matter of immovable property even after they have become the property of a third person.
Possession:
The question at issue is primarily possesr sion. The intervener alleges that he has possession under record (prior) title, and that his interest requires him to intervene and oppose both plaintiff and defendant; each claiming possession.
Possession is of more than ordinary importance.
*987 Considered generally as a fact, it gives rise, wlien it is exercised in good faith, to a right to the fruits; it may he the basis of a prescriptive title, and other rights may grow out of it.
In fine, it implies, in this case, the detention of the property and the enjoyment of a right.
It follows that the one in possession has great advantage.
If a contestation arises between two persons regarding an immovable property, the one in possession gains his cause, in the absence of proof of right as an owner.
The following adage is expressive in regard to the right of the one who has the detention of the property:
“Aetore non probante reus absolvitur,” which is only a concise and forcible expression of the right which the one in possession has.
If plaintiff fails to prove his right, the defendant obtains judgment, although he has not proven anything.
Possession may be lost if the one in possession remains silent and acquiescent while others are contending for it, or at any rate his right of detention may be embarrassed, and he may .be subjected to annoyance if he does not timely object, or object when an early opportunity presents itself for objecting.
If an intervener has an interest and has possession of the property, he is entitled to intervene in a suit in which plaintiff and defendant are contending for possession. This right of intervention is always subject to the proviso that the intervention does not retard the principal suit.
We will state at this time that there is no question but that ordinarily the intervention fails if the plaintiff in the action has no right of action.
The decisions upon the subject conclusively settle that point. We do not for an instant controvert that proposition. It is so firmly made part of jurisprudence and conclusively established that it does not admit of reasonable denial.
Unless the cause of the intervener is satisfactorily distinguished from those causes which have been held not maintainable after the dismissal of the main action, then inter-vener’s cause, it must be held, has been properly dismissed. We are of the opinion that it is distinguishable; that there is difference between the present cause and those which are not heard and tried on the merits, in which the action was dismissed because the plaintiff had no standing in court.
In matter of this difference, we have before noted that the testimony was admitted and the trial had on the merits in the district court.
The exception, as related to the issue of possession, was virtually an answer to the merits.
It relates to the respective rights of parties, requiring evidence and trial.
It presented issues involving the substantial facts of the case.
The intervener in his petition claimed that he had substantial defense upon the merits, and he was permitted to introduce evidence for the purpose of sustaining his claim. Whether he has succeeded or not we will not decide at this time for reasons stated later.
The exception, referred to the merits as before mentioned, as relates to the point now before us for decision, did not relate to form nor to • law, but related to the issue of the case, facts making up the case, which are to be determined only after trial upon the merits.
This exception was based on the facts. It tended to the final disposition of the suit, for without possession one cannot maintain a suit for slander of title.
“Peremptory exceptions founded on law are those which, without going to the merits of the cause, show that the plaintiff cannot maintain *989 his action, either because it is prescribed, or because the cause of action has been destroyed or extinguished.” Cross on Pleading, p. 156.
From that point of view, the exception was properly referred to the merits.
Let it be well understood the exception was properly referred, as just stated, only to the extent that the plea of possession was involved.
There is some analogy between this point and that decided in Burns v. Haynes et al., 13 La., page 13.
The defendant in the cited case, supra, excepted on the ground that plaintiff was not the owner of the property.
The court considered the plea as an answer, and decided the case on the merits.
A pertinent decision is Haynes v. Carter, 9 La. Ann. 267. In that case, as the fact alleged in the exception was traversable, it was referred to the merits.
“We do not consider it to be properly a matter of exception.” It related to facts— necessary to be proven, and rendering trial necessary on the merits.
The action admits of three responses. The court said, in another case, the first mentioned was “a denial of plaintiff’s possession.” Dalton v. Wickliffe, 35 La. Ann. 357.
Exception decided:
The declinatory exception filed by defendant was heard and preliminarily decided.
That exception related more particularly to form and to law. It presented a question to be decided before deciding the merits.
An intervener cannot maintain an action if the court is without jurisdiction ratione ma-terias.
Having been decided adversely to defendant, it is before us for review.
AVe have decided the issue of jurisdiction, and in this respect sustain the views expressed by the district judge, as will be made evident by the following:
The situs of the land:
It is not absolutely certain in which parish the land in controversy is, whether Assumption or St. James. Two brothers have testified that the land is in Assumption, in which parish the suit was brought.
One of the brothers is an officer and has some knowledge of surveying. He with chain and compass ran the lines and swore that he had thorough knowledge of lines in the locality. Tie copied maps whereby it appears that the land is in Assumption.
Others, among them a former owner, testified to the contrary.; that they had always considered the land as within the limits of the parish of St. James.
The weight of the evidence is with the plaintiff as relates to the parish in which the land lies.
Doubtless, these lines in time will be located contradictorily with the authorities of' these parishes. Until then each ease that may arise in matter of lands in the somewhat free zone will have to be decided according to the preponderance of the testimony, subject to future lines when, or if ever, established.
Exception ratione personae:
The district court states in its opinion that, as the action is in its nature petitory, it might have been brought either at the domicile of the defendant or where the property is situated.. Agreeing with that opinion, we-hold: “Slander of title” is an actual intrusion upon one’s property; it is in the nature of a trespass, a real action to protect title.
Moreover, the defendant is a corporation, and in the Code of Practice we find that in all cases where a corporation commits trespass it shall be liable to be sued in the parish where such damage is done or trespass committed. Code Prac. art. 165, subd. 9.
No judgment:
Starting from another premise than ours, the court a qua arrived at the conclusion to dismiss the intervention without deciding the questions at issue as relates to the inter-vener.
*991 Not one of the issues was considered, as relates to intervener, according to a statement in the court’s opinion.
We will state: This court reviews the action of the appellate court when that court has acted. If error be found in the judgment, it renders such a judgment as should have been rendered in the first instance. When no judgment has been rendered, the case is remanded.
When a case is not decided upon its merits, it ought to be remanded. Conery v. Waterworks Co., 39 La. Ann. 773, 2 South. 555; Saint v. Martel, 122 La. 98, 47 South. 413.
As relates to the compromise made between plaintiff and defendant terminating the litigation between them: The intervener having a standing in court, as we have decided, it follows that no compromise can be entered into between plaintiff and defendant affecting his rights.
First. Our conclusion is: That as to the issues, the question being one of possession, and the fact, the intervener was properly before the court.
Second. That the action being in nature real, suit was before the court having jurisdiction at place where land is situated.
Third. That the land is in Assumption parish.
Fourth. That the plaintiff and defendant were without right in effect to have inter-vener’s suit dismissed, or to enter into a compromise to the detriment of his right, if any he has; and, lastly, that it devolves upon the court of first instance to decide the issues. Not having decided them, the court remands the cause.
For reasons stated, the judgment appealed from is avoided, annulled, and reversed, and this case is remanded to be proceeded with according to law. Appellants to pay the costs of appeal. The costs of the district court to abide the final decision of the suit.