ROGERS, J:
 

 Plaintiff, in this case, sued her husband for divorce, praying, at the same time, for separation of property and a dissolution of the marital community. On plaintiff's application, a preliminary injunction was issued enjoining defendant from disposing of the community property pendente lite.
 

 Relator intervened in the proceedings, alleging that prior to the filing of the suit by the plaintiff wife, the defendant husband j had agreed by written contract to sell him a certain piece of real estate belonging to the community, and he prayed for the enforcement of said contract.
 

 Intervener caused citations to issue to both plaintiff and defendant, and upon their failure to plead thereto, moved for and obtained a preliminary default. The judge a quo, however, refused to permit the default to be confirmed, and intervener has applied to this court for a writ of mandamus to compel him to do so.
 

 The judge below assigned the following reasons in support of his ruling, viz.:
 

 “(1) That the intervener cannot come into a divorce proceeding and ask for specific performance of a contract to sell property. His remedy is by direct action.
 

 “(2) A preliminary injunction having been granted prohibiting the sale of any of the community property pending the trial of the divorce suit, a judgment compelling the sale of the property at this time would be in effect setting-aside the previous injunction granted by the court,- and would defeat the very purpose of the injunction.
 

 “(3) Even if the intervener has a cause of action, the intervention can only be tried at the same time as the suit between plaintiff and defendant, and the attempt to confirm a default in advance of the trial of the main suit is premature.”
 

 And in this court, in his return to the rule nisi issued upon relator’s application, the respondent' judge, from a further examination of the record, calls attention to an alleged defective service of the intervention -upon the plaintiff, “the party really at interest,” said service having been made upon plaintiff’s attorney and not upon plaintiff.
 

 The intervener undoubtedly could have proceeded by direct action, but he chose to become a party to the pending suit, and we think he had that right. Code Prac. art. 390; Civ. Code, art. 2434; Labarre v. Burton, 126 La. 987, 53 So. 113. His right to intervene is not controlled by the form of action. Rives v. Gulf Refining Co., 133 La.
 
 *277
 
 190, 62 So. 623; State v. Capdevielle, 122 La. 615, 48 So. 126; State ex rel. Bank v. Pilsbury, 31 La. Ann. 1.
 

 Tbe intervention, however, cannot retard
 
 the
 
 principal suit, Code Prac. art. 391, and its merits can only be passed on at tbe time tbe main action is decided. Code Prac. art. 394; Dubroca. v. Her Husband, 3 La. Ann. 331. Moreover, tbe dismissal of the principal suit would carry with it tbe dismissal of tbe intervention, reserving to tbe intervener bis right to proceed by a separate action. Walmsley, Carver
 
 &
 
 Co. v. Whitfield, 24 La. Ann. 258; Barron v. Jacobs, 38 La. Ann. 370; Meyers & Co. v. Birotte, 41 La. Ann. 746, 6 So. 607; State v. Judge, 48 La. Ann. 45S, 19 So. 256; Besson v. Mayor, 49 La. Ann. 280, 21 So. 262.
 

 Conceding that tbe plaintiff wife is properly before tbe court on the intervention, on which point it is unnecessary for us to pass, and upon which we express no opinion, relator cannot be permitted to confirm tbe preliminary default which be caused to be entered, because it would present tbe anomalous situation of a judgment having been rendered on a demand that is subject to dismissal at any time prior to, or on rendition of, tbe judgment in tbe main action.
 

 Relator argues that intervention was bis only effective remedy. That if he bad instituted a direct action, and tbe suit bad been allotted to a division of the civil district court for tbe parish of Orleans other than tbe division of tbe court in which tbe divorce proceeding was pending, tbe suit for specific performance would have been ordered transferred to the division seized with jurisdiction of tbe divorce proceedings to be consolidated therewith. In other words that the case would have been in tbe same situation it is at present, entirely dependent upon tbe actions of tbe principals in tbe main suit.
 

 We think, in taking this position, relator has fallen into error. Tbe distinction, as we see it, is that tbe intervener takes tbe ease as be finds it, and cannot interfere with tbe principal litigants. This rule does not apply to a direct action. So that if relator bad proceeded by direct action, and bis suit bad been consolidated with tbe divorce proceedings, it would, nevertheless, have remained under bis control to be proceeded with in accordance with tbe rules of practice provided by law. '
 

 For tbe reasons assigned, tbe preliminary writ herein issued is recalled, and relator’s application is now dismissed at bis cost.
 

 ST. PAUL, J., recused.