On the Motion to Dismiss.
Appellee moved to dismiss this appeal upon the ground that the transcript was filed after the return day and no extension of time for filing the transcript was applied for.
The appeal was made returnable on or before June 3, 1929. The transcript was filed, in this court, June 4, 1929. Appellee relies upon articles 883, 884, 587, and 588 of the Code of Practice. This court has consistently held that if the transcript be filed within the three days immediately following the date of the return day fixed in the order of appeal, it is filed timely. The three days allowed for the filing of an application for an extension of time within which to file the transcript has been construed to mean that an appellant has three days of grace, after the expiration of the return day, within which to file the transcript of appeal.
The motion is overruled.
 On the Merits.
On July 12, 1927, Fred O. Anderson, the then owner, leased the property described in the petition to the defendant, John H. Cooper, for five years from that date, at a monthly rental of $100, represented by rent notes, one of which became due and payable on the 1st day of each and every month during the term of the lease. The lease contained the usual stipulation providing for the maturity of all of the remaining unpaid notes in the event any one of them was not paid at maturity. On February 15, 1928, Anderson sold the property thus leased to the plaintiff. After plaintiff acquired the property, Cooper subleased it to Jewel J. Justice and James A. Hoggatt. These persons thereafter occupied the property and paid the rent notes up to and including the note due December *Page 108 
1, 1928; but they failed to pay any part of the two notes due, respectively, on January 1 and February 1, 1929. The plaintiff thereupon filed this suit for the total sum of the remaining unpaid notes, for interest thereon at the rate of 8 per cent. per annum on each of said notes from its due date, and for 10 per cent. upon the whole as attorneys' fees, and provisionally seized all the property and effects found in the leased premises. The prayer of the petition is for judgment against the defendant for $4,300 with interest thereon and attorney's fees as stated, for the recognition and enforcement of the lessor's lien and privilege upon the property seized, for the sale of the property, and for the payment of plaintiff's claim, out of the proceeds of the sale, by preference and priority.
Jewel J. Justice and James A. Hoggatt intervened in the suit. It is alleged in interveners' petition that they are the owners of the property seized; that they acquired it from John H. Cooper; that it was then and still is incumbered with a chattel mortgage which was executed by John H. Cooper at a time when title to the premises was in Fred O. Anderson; and that Fred O. Anderson executed a waiver of his lessor's lien and privilege in favor of the mortgagee to the extent of the claim secured by the chattel mortgage. The lease from Anderson to Cooper, the chattel mortgage, and the lessor's waiver in favor of the mortgagee appear to have been promptly recorded. Interveners also allege that the wrongful seizure of their property has damaged them in the sum of $6,000, and they pray for judgment against the plaintiff for that sum, with legal interest thereon from judicial demand and decreeing the seizure to have been wrongfully issued.
The defendant excepted to the jurisdiction of the court ratione personæ. This exception *Page 109 
was sustained, but the plaintiff's right to proceed in rem was reserved to him.
Plaintiff did not answer the interveners' petition, and after the lapse of ten days they caused a preliminary default to be entered as to him. A motion to set aside the preliminary default was filed, heard, and overruled and, over the objection of the plaintiff, the court permitted the interveners to confirm the preliminary default, and rendered judgment in favor of the interveners and against the plaintiff, dissolving the provisional seizure and awarding the interveners damages for the wrongful execution of the writ. A motion for a new trial was filed, heard, and overruled, and the plaintiff appealed.
The appeal presents but one question, viz., whether or not an intervention must be decided at the same time as the main action, or may be disposed of independently and in advance of the trial and decision upon the main demand. In our opinion, this question is not now, if it ever was, a debatable one. One of the latest expressions of this court is found in Gorman v. Gorman,158 La. 274, 103 So. 766. In that case the plaintiff and defendant were cited but neither pleaded to the intervention. The trial judge permitted a preliminary default to be entered, but refused to permit the intervenor to confirm the default, assigning as one of the reasons for that ruling the following: "Even if the intervener has a cause of action, the intervention can only be tried at the same time as the suit between plaintiff and defendant, and the attempt to confirm a default in advance of the trial of the main suit is premature."
That case came to this court in response to a rule nisi. The court recalled the preliminary writ and dismissed the relator's application. In its opinion the court said:
"The intervener undoubtedly could have proceeded by direct action, but he chose to *Page 110 
become a party to the pending suit, and we think he had that right. Code Prac. art. 390; Civ. Code, art. 2434; Labarre v. Burton, 126 La. 987, 53 So. 113. His right to intervene is not controlled by the form of action. Rives v. Gulf Refining Co.,133 La. 190, 62 So. 623; State v. Capdevielle, 122 La. 615, 48 So. 126; State ex rel. Bank v. Pilsbury, 31 La. Ann. 1.
"The intervention, however, cannot retard the principal suit. Code Prac. art. 391, and its merits can only be passed on at the time the main action is decided. Code Prac. art. 394; Dubroca v. Her Husband, 3 La. Ann. 331. Moreover, the dismissal of the principal suit would carry with it the dismissal of the intervention, reserving to the intervener his right to proceed by a separate action. Walmsley, Carver Co. v. Whitfield, 24 La. Ann. 258; Barron v. Jacobs, 38 La. Ann. 370; Meyers Co. v. Birotte, 41 La. Ann. 746, 6 So. 607; State v. Judge, 48 La. Ann. 458, 19 So. 256; Besson v. Mayor, 49 La. Ann. 280, 21 So. 262."
We know of no rule of practice which requires an answer to the allegations of an intervention. Such allegations are held to be traversed by all parties to the suit without pleading thereto. Ency. Plea. Prac. vol. 11, p. 511. An intervener must take the suit as he finds it. He cannot urge matters that would go to the dismissal of the suit, nor can he complain of the mode of procedure. See authorities cited in La. Dig. vol. 4, p. 247, par. 5.
We think the court erred in permitting the interveners to prematurely confirm their preliminary default. It is therefore decreed that the judgment appealed from be avoided and the case remanded to be proceeded with in accordance with the views herein expressed. The costs of this appeal to be paid by appellee.
O'NIELL, C.J., absent.
ST. PAUL, J., dissents. *Page 111