No. 751

*First Circuit*

---

TICKFAW HOMEGROWERS' ASSN. v. GALLODORO

(Gallodoro, Intervener and Third Opponent)

---

(March 3, 1931. Opinion and Decree.)

---

J. J. Jackson, of Hammond, attorney for plaintiff, appellant.

Rownd & Warner, of Hammond, attorneys for defendant, appellee, and intervener, third opponent.

ELLIOTT, J. Tickfaw Homegrowers' Association, Inc., brought suit against Frank Gallodoro on notes, accounts, and claim for rent, amounting in the aggregate to $1,479.-21, with interest and attorney's fees in addition thereon, and in connection with its said demand caused to be provisionally seized a strawberry crop alleged to belong to the defendant, situated on a farm called the "Spitale Place," to pay that part of the demand alleged to be due on account of rent which the plaintiff claims to have paid to Mrs. Spitale on account to the defendant, and caused to be sequestered a strawberry crop alleged to belong to defendant, situated on a farm called the "Home Place," on account of necessary supplies alleged to have been furnished de-

fendant for the purpose of making said crop.

Frank Gallodoro, defendant, acting for the use and benefit of his minor son Joe Gallodoro, intervened in the suit and opposed plaintiff's claim and seizure of the crop on the Spitale place on the ground that this crop was the property of his son Joe.

Frank Gallodoro also appeared individually and for answer denied owing plaintiff the amount claimed against him, alleging credits due him which he had not received, that the crop on the Spitale place belonged to his son Joe, and that he had no interest in it.

Tickfaw Homegrowers' Association, Inc., for answer to the petition of intervention and third opposition of Frank Gallodoro in behalf of his son Joe Gallodoro, alleged that the Spitale place had been, in fact, rented by Frank Gallodoro and that the crop thereon belonged, in fact, to him and not to his son Joe; that the claim set up by defendant for the use and benefit of his son Joe was a simulation, etc.; that defendant and intervener, acting under the guise of an agreement to pick and pack the berries on the Spitale place, had purposely destroyed and damaged a quantity of the berries.

There was a trial on these issues between the plaintiff and defendant individually and the defendant, acting in behalf of and for the use of his son Joe, intervener and third opponent, which resulted in a judgment in favor of Frank Gallodoro for the use and benefit of his son Joe, recognizing Joe Gallodoro as the owner of the crop of strawberries on the Spitale place, setting aside the provisional seizure which had been made of that crop; and there was further judgment in favor of Frank Gallodoro for the use and benefit of his son Joe and against Tickfaw Homegrowers' Association, Inc., for $150 as damages on account of said seizure, subject to credit of his funds in the hands of the sheriff until paid.

No judgment of any kind was rendered on the principal action between Tickfaw Homegrowers' Association, Inc., and the defendant Frank Gallodoro.

The plaintiff appealed from the judgment in favor of Frank Gallodoro for the use and benefit of Joe Gallodoro, intervener and third opponent.

Neither plaintiff, defendant, nor intervener and third opponent has furnished us with a brief, although there is need for explanation.

A matter which we notice is that Frank Gallodoro, defendant, acted for himself against the plaintiff in the lower court, and at the same time acted against the plaintiff for and in behalf of his son Joe, but, as no conflict in interest appears between the defendant and his son Joe, this appears to be all right. But a matter not explained is the fact that Frank Gallodoro, acting in behalf of and for his son Joe, alleged in the motion to be a minor, appeared in this court and moved to dismiss the appeal taken by plaintiff on the ground that he had not been cited to answer the appeal.

Joe Gallodoro also appeared in person at the same time and filed an answer to the appeal praying that the judgment rendered in his behalf on his intervention and third

opposition be amended by striking out the credit which the judgment allows against the $150 which the plaintiff was condemned to pay him, and as thus amended that it be affirmed.

The answer of Joe Gallodoro does not state that he has been emancipated and relieved of the time prescribed by law for reaching the age of majority, nor that he has reached the age of majority. No explanation is offered as to the situation in regard to the appearance of Frank Gallodoro acting for intervener and third opponent, stating that he is a minor, and moving to dismiss, and this simultaneous appearance of intervener and third opponent himself, answering the appeal.

We assume that Joe Gallodoro has the capacity to appear in person, and, acting on this assumption, we find that his appearance and answer to the appeal praying that the judgment appealed from be amended, and, as thus amended, affirmed, operates as an abandonment of the motion of his father to dismiss.

The motion is therefore regarded as abandoned, but the situation is still unsatisfactory, due to the fact that no judgment of any kind was rendered on the principal action between the plaintiff and the defendant.

Under the law, Code of Practice, article 394, no authority exists for rendering a judgment on an intervention without at the same time acting on the principal action between plaintiff and defendant. See Dubroca v. Her Husband, 3 La. Ann. 331; Gorman v. Gorman, 158 La. 274, 103 So. 766; Seib v. Cooper, 170 La. 108, 127 So. 380.

This situation, however, is offset by the fact that the judgment on the intervention and third opposition is a final disposition of the case in so far as concerns the demand of intervener and third opponent against the plaintiff, and which the plaintiff has the right to have reviewed on appeal.

Passing now to the merits, we have given consideration to the evidence introduced on the trial, and we are unable to say that the court erred in recognizing Joe Gallodoro as the lessee of the Spitale place and the owner of the strawberry crop thereon; nor do we find any ground for interfering with the damages allowed intervener and third opponent against the plaintiff.

Intervener and third opponent complains of the credit which the lower court allowed against the judgment for damages rendered in his favor against the plaintiff. We can see no reason why this credit should be allowed, and we think the court erred in making the allowance.

For these reasons that part of the judgment appealed from, which allows as a credit against the amount of damages recovered by intervener against the plaintiff, the funds, proceeds of intervener's berry crop in the hands of the sheriff, against the damages awarded him against the plaintiff, is disallowed, and the said proceeds are decreed to belong to intervener.

As thus amended, the judgment appealed from is affirmed, plaintiff, and appellant to pay the costs in both courts.