## BILLINGSLEY v TOWNSEND

Ohio Appeals, 2nd Dist, Darke C(

No 504.   Decided June 15, 1936

Billingsley & Manix, Greenville, for plaintiff in error.

George A. Jobe, Greenville, for defendant in error.

### OPINION

By HORNBECK, J.

The plaintiff in error was the plaintiff in the original action, which was filed against Frank M. Townsend, defendant, who died during the pendency of the action and after the issues were drawn.

The action was a charge of slander of

title against the defendant. Counsel for the defendant suggested the death of his client and moved the court to dismiss the action because it was "one in the nature of a suit for slander." The court sustained the motion and ordered the petition dismissed at the cost of plaintiff. From this action of the trial court error is prosecuted.

It is agreed by the parties that there is but one question raised in this proceeding, namely, whether or not the action of slander of title is abated upon the death of the defendant, by reason of the provisions of §11397 GC. This section provides:

- "Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party."

The narrow proposition argued by counsel is whether or not slander, as employed in the section, includes slander of title. Counsel for plaintiff cites Bouvier's Law Dictionary; 37 C. J. 130; R.C.L., Vol. 17, page 454; Odgers on Libel and Slander, Vol. 1, page 108; Burkett v Griffith, 13 L. R.A. 707; Flint v Burner Company, 16 L. R.A. 243; Kelly v First State Bank et, 9 A. L.R. 931, all of which citations note the difference between slander of title and slander. The question, as argued by counsel is interesting and nice and we frankly say that it is not at all free from dobut.

As the terms "libel" and "slander" are now understood, libel is a written defamation and slander an oral defamation, both commonly understood to relate to one's reputation. Libel, slander and malicious prosecuttion are all recognized as methods of defamation. Slander originally applied to both oral and written defamation of character. Slander of title takes on some of the characteristics of both libel and slander. It has been defined as a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his causing him such damage. The analogy to both libel and slander appears in that the statement upon which the action is predicated may be either oral or written.

In Labarre v Burton-Swartz Cypress Co. (La.) 53 So. 113, it is held that:

" 'Slander of title' is an actual intrusion upon one's property in the nature of a trespass; a real action to protect title."

This case probably goes further than any other in the reports.

Though slander of title is treated under the general classification of libel and slander in the authoritative works, texts, reports and annotations, yet in all there is recognized a distinction between them. All three are based upon defamation but libel and slander relate exclusively to defamation of the person, his reputation, profession or business. Slander of title is a defamation, as the term indicates, affecting and damaging not the reputation, the business or profession, but the title to real property, as well as to personal property.

It is easy to follow the logic of the abatement of actions like libel and slander, which result in damage to the reputation of another. This injury, being personal, dies with the one offended and it is but proper that it should abate. However, this is not true with slander of title. The title passes to the devisee, heir or representative of the holder of the title slandered and the effect of the defamation is continuing and results in as serious damage to him who takes the title, as it did to the holder of the title when slandered. There thus seems to be a logical, substantial reason why an action for slander of title should not abate, though actions for libel and slander should abate.

Inasmuch, then, as there is an essential difference between libel and slander on the one hand and slander of title on the other, recognized by all authorities and there is a difference in effect following the act constituting libel or slander and the act constituting defamation of title and as slander of title is not specifically mentioned in the section of the Code under consideration, we are of opinion that it should not be given application in the instant cause. The court, then, erred in its judgment ordering that the action of the plaintiff abate.

The judgment will be reversed.

BARNES, PJ, and BODEY, J, concur.