HOOD, Judge.
Alexon Reed, Jr., instituted this suit against J. T. Thompson, Walsh Brothers Lumber Company, Inc., and American Southern Insurance Company, to recover damages for personal injuries sustained by plaintiff as the result of a motor vehicle collision. United States Fidelity and Guaranty Company, the workmen’s compensation insurer of Reed’s employer, intervened seeking to recover the compensation benefits it had paid to plaintiff. Defendants filed a third party demand against William E. Burns and Louisiana Paving Company, demanding indemnity for all amounts which they might be condemned to pay to plaintiff.
Judgment on the merits was rendered by the trial court in favor of defendants and third party defendants, rejecting the demands of plaintiff and those of intervenor. Plaintiff and intervenor appealed.
Plaintiff, Reed, did not appear in person or through counsel when this case was called for argument on the date it had been docketed for hearing in this court. No brief and no written instrument negating an intent to abandon the appeal has been filed by or in behalf of plaintiff. The appeal taken by plaintiff is considered as having been abandoned, therefore, and his appeal is hereby dismissed. Uniform Rules, Courts of Appeal, Rule VII, Section 5 (b); Roberie v. Thomas, 259 So.2d 462 (La.App. 3 Cir. 1972); Descant v. Liberty Mutual Insurance Co., 255 So.2d 640 (La. App. 3 Cir. 1971); Winstead v. Nichols, 255 So.2d 181 (La.App. 3 Cir. 1971).
Intervenor-appellant, United States Fidelity and Guaranty Company, contends that the trial judge erred in denying its motion for continuance. It argues that the judgment appealed from should be reversed and the case remanded for trial. We have concluded that, regardless of the merits or persuasiveness of that argument, the intervention must be dismissed.
The established rule is that an intervention either stands or falls with the main demand. If the main demand is dismissed, the intervention also must be dismissed. LSA-C.C.P. arts. 1039 and 1094; Halleron v. United Companies Mortgage & Investment of Monroe, Inc., 256 So.2d 475 (La.App. 2 Cir. 1972); Chrysler Corporation v. City of New Orleans, 243 La. 498, 145 So.2d 11 (1962); Holley v. Butler Furniture Company, 37 So.2d 476 (La.App. 1 Cir. 1948), affirmed 217 La. 8, 45 So.2d 747 (1950); Miller v. Board of Com’rs of Port of New Orleans, 199 La. 1071, 7 So.2d 355 (1942); Seib v. Cooper, 170 La. 105, 127 So. 380 (1930); St. Bernard Trappers’ Association v. Michel, 162 La. 366, 110 So. 617 (1926); Erskine v. Gardiner, 162 La. 83, 110 So. 97 (1926).
In the instant suit plaintiff’s demands were rejected by the trial court, and his appeal has been dismissed. The judgment rejecting his demands thus has become final. Since the main demand has fallen, the intervention also must fall. There is no error in the judgment of the trial court which dismisses the intervention.
For the reasons herein assigned, judgment is hereby rendered dismissing the appeal of plaintiff, Alexon Reed, Jr. Judgment also is rendered affirming the judgment appealed from. One-half the costs of this appeal are assessed to plaintiff-appellant, and the remaining one-half of such costs are assessed to intervenor-appellant.
Affirmed.