## Peters Creek Sanitary Authority v. South Park Mobile Estates, Inc.

*Milton D. Rosenberg,* for plaintiff.
*Melvin D. Bassi,* for defendant.
*William A. Johnson,* for intervenor Peters Township.
*Robert L. Ceisler,* for intervenor Union Township.

TERPUTAC, *J.,* October 6, 1982—On May 7, 1981, plaintiff, Peters Creek Sanitary Authority (hereinafter referred to as authority), filed suit against defendant, South Park Mobile Estates, Inc., to recover tap-in fees alleged to be due to the authority in the amount of approximately $150,000. Despite preliminary objections raised by the original parties, this court ruled on September 16, 1981, that Union Township and Peters Township, two of the five municipalities that appoint board members to the authority and comprise part of the sanitary district, had legally enforceable interests which necessitated intervention pursuant to Pa. R.C.P. 2327(4). Thereafter, without any participation or consent of the interveners, plaintiff and defendant entered into negotiations culminating in an agreement of the dispute. The board of the authority tentatively confirmed the settlement on March 1, 1982, expressly subject to the approval of the court. At this juncture the court has before it a petition for authority to settle and discontinue brought by the original plaintiff and defendant.

Prior to a consideration of the merits of the allegations in the petition, we note initially there is little question about subject matter jurisdiction. However, the interveners-municipalities urge that the court has no power or authority to entertain such a petition asking the court to approve the settlement. The Municipality Authorities Act of May 2, 1945, P.L. 382, §1 et seq., as amended, 53 P.S. §301 et seq., governs the activities of municipal authorities. Specifically Secs. 4 B (b) and (h), 53 P.S. §306 B (b) and (h), provide:

B. Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid expressed purposes, including but without limiting the generality of the foregoing, the following rights and powers:

(b) To sue and be sued, implead and be impleaded, complain and defend in *all courts*.

• • •

(h) ... Provided, That if the service area includes more than one municipality, the revenues from any project shall not be expended directly or indirectly on any other project, unless such expenditures are made for the benefit of the entire service area. *Any person questioning the reasonableness of uniformity of any rate fixed by any Authority* or the adequacy, safety and reasonableness of the Authority's services ... may bring suit against the Authority in the court of common pleas of the county wherein the project is located .... *The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or services.* (Emphasis added.)

Since the authority is a Washington County entity, all the municipalities involved are located herein,

and the instant dispute concerns issues of rates and reasonableness of service, it would appear this court has subject matter jurisdiction by virtue of the Municipality Authorities Act. M. G. Mosites Company v. Southwestern Pennsylvania Water Authority, 40 Pa. D.&C.2d 251 (1966). It follows, then, under the grant of power expressly provided for in Section B of the act, this court inherently has the power and authority to determine all issues incidential to the matter and reasonably necessary for the adjudicatory process. Commonwealth v. Brownmiller, 141 Pa. Super. 107, 14 A.2d 907 (1940). We hold that this court has the power to decide ancillary matters which include the prerogative to adjudicate the validity of the settlement where it is attacked by parties that have standing.

Our research has revealed a paucity of Pennsylvania case law on the matter of compromise and settlement relative to the rights of intervening parties. In their briefs counsel have not disclosed any authority one way or the other. However, in our own research we have discovered some authority on point in other jurisdictions. See 67 A C.J.S. Sec. 86. What little case law there is leads us to conclude that since the intervening townships have standing equal to that of the original parties, the interveners have the right to object to the settlement negotiated and arrived at without their consent or participation. Rafferty v. Santa Maria Hospital, 5 Mass. App. Ct. 624, 367 N.E. 2d 856 (1977); cf. 7A Wright and Miller, Federal Practice and Procedure Sec. 1920 (1977). In addition, in Labarre v. Burton-Swatz Cypress Co., 126 La. 982 at 986, 53 So. 113 at 117 (1910), the court said:

"As relates to the compromise made between plaintiff and defendant terminating the litigation between them: The intervener having a standing in

court, as we have decided, it follows that no compromise can be entered into between plaintiff and defendant affecting his rights." In the absence of some indication that the original plaintiff had the authority to engage in negotiations on behalf of the interveners, there can be no disposition of the claims and resolution of the suit over objections by the intervening municipalities. E. W. Foster Co., Inc., v. Robert J. McLaughlin, 7 Mass. App. Ct. 485, 385 N.E.2d 1031 (1979); 3 B Moore's Federal Practice pars. 24.16 [4] and [6] (2nd Ed. 1978).

That causing an end to the litigation and lessening the costs are wholesome ends to be attained, the original parties have urged the court to approve the settlement. They also maintain the settlement is mutually beneficial not only to the original parties but also to the interveners. Although we acknowledge the desirability of effecting settlements in litigation, and may tend to agree with counsel for the authority that the costs already expended and to be expended are prohibitive, we cannot jeopardize the rights and interests of the interveners. Under the circumstances the court is compelled to deny the petition requesting approval of the settlement.

Without any settlement before the court, we deem it necessary to remand the case to the court administrator who should set the matter for trial in the civil division. Hambleton v. Yocum, 108 Pa. 304 (1885).

## ORDER

And now, this October 6, 1982, the petition to approve the settlement is hereby denied, the petition is dismissed and the matter is remanded to the court administrator who should set the matter for trial in the civil division.