RIGHTOR
*v.*
DE LIZARDI.

---

## HART *v.* NEW ORLEANS AND CARROLLTON RAILROAD COMPANY

In an action for damages for the destruction of plaintiff's carriage, caused by the neglect and imprudence of the driver of an omnibus alleged to belong to defendants, the latter may, under the general issue, offer proof that the omnibus had been leased by them to a third person at the time of the accident. The liability of defendants depending, not upon the ownership of the omnibus, but on the fact that the damage was done by their servant, it is no objection to such evidence that it is inconsistent with the denial of ownership of the omnibus in their plea of general denial.

A PPEAL from the Fifth District of New Orleans, *Buchanan*, J. *Roselius*, for the plaintiff. *Micou*, for the appellants. The judgment of the court (*Slidell*, J. not sitting, having be en of counsel,) was pronounced by

Eustis, C. J. This action is brought to recover the sum of $850, damages for the destruction of the plaintiff's carriage, alleged to have been caused by the negligence, imprudence, or want of skill of the driver of an omnibus belonging to the defendants, in running foul of the carriage as it was standing in Chartres street, in the city of New Orleans. The general issue was pleaded. The plaintiff obtained a verdict in March, 1839, which was set aside on an appeal, in December, 1841. 1 Rob. 179. The present appeal is taken by the defendants from a judgment rendered on another verdict in favor of the plaintiff, on a new trial had in March, 1848. The case has been pending since July, 1838.

The accident is alleged to have taken place on or about the 20th July, 1837. On the last trial of the cause the defendants offered in evidence an instrument by public act, bearing date the 24th of January, 1837, by which the railroad establishment, with its moveables and dependencies, including these omnibuses, were leased to two individuals for a term of years. It was not admitted in evidence by the district judge, and thus deciding the defendants took a bill of exception to his decision. The judge was of opinion that, the ownership of the

HART
v.
NEW ORLEANS
AND CARROLL-
TON RAILROAD
COMPANY.

defendants of the omnibus having been denied, by the general denial filed by them, the proof tendered was inconsistent with that denial. The objection made by the counsel for the plaintiff to the admission of the instrument offered was that, there was no special plea to the effect that the omnibus in question had been leased and was not under the control of the defendants.

The responsibility of the defendants to the plaintiff, as we apprehend, depends not upon the ownership of the omnibus, but upon the fact that the damage was done by their servant, for whose acts they are sought in this action to be made liable. The object of the defendants was to show, by legal evidence, that the omnibus was under the exclusive control of the lessees of the railroad establishment, who alone employed the drivers, and that the driver in this particular case was not their servant but exclusively that of the lessees. Under the general issue we think the evidence admissible.

We do not deem it nessary to decide on the other bill of exceptions taken by the counsel for the defendants to a portion of the charge of the judge, as the case goes back, and the necessity to determine on the points raised may not again occur.

The judgment of the District Court is reversed and the cause remanded for a new trial, with directions to the district judge to admit in evidence the authentic act offered by the defendants of date the 24th January, 1837, mentioned in the bill of exceptions no. 1, and that the plaintiff pay the costs of this appeal.