## JONES *v.* LAWRENCE.

A third opponent cannot arrest the sale of the property in dispute, nor claim damages against the sheriff for executing the judgment, unless he obtain an injunction, and give security. C. P. 399.

Where the principal demand has been tried, no further proceedings can be had on the intervention. The intervenor must be held to have abandoned that remedy.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Peyton*, for the plaintiff. *Prentiss* and *Finney*, for the intervenor, appellant. The judgment of the court (*King*, J. absent,) was pronounced by

ROST, J. The plaintiff sued out against the defendant an attachment, under which a slave in his possession was levied upon. *Smiley* then intervened, claiming the slave under a deed of trust alleged to have been executed, and duly recorded, in Tennesse, by *Lawrence* and his wife, before the institution of this suit. He was represented by *Messrs. Edwards* and *Barker*, the defendant's counsel.

On the trial of the cause, these counsel having absented themselves, and not being found in the court-buildings, the plaintiff proved his claim, and submitted the case. The judgment of the court was in his favor for the sum claimed, with privilege and preference on the property attached. Some time after the judgment had been signed, the intervenor, by his present counsel, filed a supplemental petition, alleging that his claim under the original petition remained undetermined. He prayed that his original and supplemental petitions might be considered as parts of each other; that the sheriff, who was then in possession of the slave under an execution, and also the plaintiff, *Jones*, be cited, and that the slave seized be adjudged to belong to him, the said *Smiley*. He subsequently filed another supplemental petition, alleging that the slave attached was worth $1,000, and praying that in case the slave could not be found, *Jones*, and the sheriff be condemned, *in solido*, to pay him that sum.

The plaintiff and the sheriff both excepted to these petitions, on the following grounds: 1st. That a final judgment was rendered in favor of the plaintiff against the defendant, with privilege and preference on the property attached. 2d. That

JONES
v.
LAWRENCE.

the supplemental petitions are a part of, and intended to revive and continue, the original petition of intervention. 3d. That, if the intervenor has any claim to the slave, he cannot assert the same as he has done. The District Court having sustained the exceptions, and dismissed the petition of the intervenor, he appealed.

Parties are permitted to intervene, for the preservation of their rights, in suits between other persons, on the express condition that the intervention do not retard the principal suit. The intervenor must be at all times ready to plead and to exhibit his testimony, and, under an express provision of the Code of Practice, the demand in intervention must be decided at the same time with the principal demand. C. P. 391, 154.

It is urged that the court ought to consider the nature of the proceeding, not its name; and that the supplemental petitions filed were in reality a third opposition, under arts. 395 and 398 C. P.

We are unable to view them in that light. Daily experience teaches us that justice cannot be administered, unless the different remedies which the law gives are kept distinct from each other. In this very case, injustice would be done if this rule was not adhered to.

If the proceeding be an intervention, the prayer that the sheriff and the plaintiff be made to pay the value of the slave unless they restore her, is proper; but in a third opposition, the party has no right to arrest the proceeding, or claim against the sheriff for executing the judgment, unless he obtains an injunction and gives security. C. P. 399.

It is further urged that, conceding that the intervention should have been dismissed on account of the absence of counsel, it was not so dismissed by the judgment of the court; and that, being still pending, the intervenor is entitled to have it tried. We are of opinion that, under art. 154 C. P. already cited, when the principal demand has been tried, no further proceedings can be had on the intervention, and that the intervenor must be held to have abandoned the summary remedy to which he had resorted. There is no error in the judgment dismissing the intervention.     *Judgment affirmed.*