MERRITT, BLISS & CO. *v.* M. OPENHEIM.    WM. McGROSTY *v.* SAME.

WILSON & GRIFFIN, Intervenors.

Under the Act of March 18th, 1847, a creditor, who would arrest a non-resident debtor, must make the fact of absconding appear *by his own oath.* It is not competent for an agent or attorney of the arresting creditor to take the oath.

To entitle a creditor to the benefit of the writ of arrest under the 10th section of the act of 1840, for abolishing imprisonment for debt, the grounds on which he claims the writ should be verified by oath.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.  *F. Perin,* for plaintiffs and intervenors, appellants.  *D. C. Labatt* and *Latour,* for defendant. ·

CAMPBELL, J.  Plaintiffs in the two first of the above entitled suits, who are merchants, resident in New York, filed separate petitions, in which they allege that, in 1851, they respectively sold to defendant, who, they aver, now resides in Yazoo City, Mississippi, bills of goods, for which his notes were received. That on the notes given to *Merritt, Bliss & Co.,* judgment was rendered in their favor, on the 18th of March, 1852; on which judgment, a *fi. fa.* was issued on the 22d of May, 1852, and returned unsatisfied the 9th of March, 1853.  The plaintiff, *McGrosty,* claims judgment on the note in his favor, both plaintiffs alleging that no part of defendants' indebtedness to them has been paid.  They further aver, that during the fall, winter and spring of 1851 and 1852, the defendant being a merchant and in insolvent circumstances, (who had never voluntarily surrendered his property to his creditors, or been proceeded against for a surrender,) made, within the year, a fraudulent conveyance of a large portion of his stock of goods, to their injury, and in violation of the Act of 1840, to abolish imprisonment for debt.  That after the fraudulent conveyance complained of, defendant, in May or June last, removed from the State and has ever since remained away, and that he refuses to apply the proceeds of the said sale of goods, to the payment of their claims.  On these allegations, they pray for his arrest and imprisonment; their attorney of record, verifying under oath the allegations of the petitions as above set forth.

The defendant having been arrested in each of the above cases, took rules upon the plaintiffs to show cause why the writs of arrest should not be set

aside, for the reason, among other grounds, that the affidavits are defective, and that the plaintiffs being non-residents, the writs were illegally issued.

By consent of parties, the two cases were consolidated and the rules taken, tried together. The Court being of opinion that the evidence established that the parties, plaintiffs and defendant, were all non-residents, and that no ground for the arrests had been proved, made both rules absolute and set aside the writs. This judgment was rendered on the 1st of April last. On the 15th defendant plead, as peremptory exceptions to the actions, that being a non-resident, and plaintiffs also being non-residents, he could not be sued for fraud as charged, and that the writs of arrest having been quashed, the charge of fraud, under the Act of 1840, could not be inquired into.

The exception in the case of *Merritt, Bliss & Co.* was sustained, and the suit dismissed. In the case of *McGrosty*, it was sustained in so far as it related to the charge of fraud. After the rendition of the judgment quashing the writ of arrest, but before the judgments dismissing the suits, (which were rendered April 23,) *Wilson & Griffin*, of New York, who claim to be judgment creditors of defendant, intervened, and adopting the allegations of *Merritt, Bliss & Co.* and *McGrosty*, prayed for the arrest and imprisonment of defendant. To this intervention defendant, on the 29th, excepted, for that the Court had already decided as between the parties, that an arrest would not lie, they being non-residents; and that they were, consequently, out of Court. The Court sustained this exception and dismissed the intervention. From this judgment, as also from the judgments quashing the writ of arrest, and the judgments on the exceptions dismissing the suits, the intervenor and plaintiffs have appealed.

The 9th section of the Act of the 28th March, 1840, for abolishing imprisonment for debt, under which these proceedings were instituted, provides, "That no citizen of another State, shall hereafter be arrested at the suit of a non-resident creditor, except in cases where it shall be made to appear that the debtor has absconded from his residence." This section of the Act of 1840, was so amended by an Act approved March 18, 1847, as to read thus: "That no citizen of another State shall hereafter be arrested in this State, at a suit of a resident or non-resident creditor, except in cases were it shall be made to appear, by the oath of the creditor, that the debtor has absconded from his residence."

It was held in the case of *Absolom* v. *Cullum*, that by this amendment of the preexisting law, "the fact of absconding must be made to appear by the oath of the creditor" himself; whereas, before its adoption, it was sufficient if the facts authorizing the arrest were sworn to either by the creditor, or "by his agent or attorney."

In the cases under review, as has been seen from the statement of facts, the affidavits on which the several writs of arrests were based, were all made by the attorney at law of the complaining creditors.

But it is contended by the counsel of appellant, that, in those cases, no affidavit is required by law, although it may be proper in the Judge to require it, as a guide to his discretion. The answer to this, is contained in the law under which the parties themselves have proceeded. To entitle a creditor to the benefit of this writ under the 10th section of the Act, it is as necessary that the grounds on which he claims it should be verified by oath, as if it were claimed on any other ground for which the law accords it. But if it be intended that the requirements of section 9 of the Act of 1840, as amended, are not applicable to this case, inasmuch as there is no allegation that the defendant

MERRITT, BLISS & CO.
*v.*
OPENHEIM.

MERRITT, BLISS
& Co.
*v.*
.OPENHEIM.

has absconded from his residence, it may be replied that, by the express terms of the law, the remedy of arrest of the non-resident debtor, is never given to the non-resident creditor, except when it is made to appear that the debtor has absconded from his residence.

The testimony adduced satisfies us, as it did the Judge of the first instance, that the defendant did not abscond from his residence; that he visited this city on business, and intended to return to Mississippi, when he was arrested. We therefore think the Judge did not err in dismissing the arrest. The remedy is a severe one, and must be strictly construed.

From what has already been said, it follows that the peremptory exception going to the dismissal of *Meritt, Bliss & Co.'s* suit, was properly sustained. They were judgment creditors, and sought no recognition or enforcement of their judgment, further than that the defendant should, in default of its payment, be arrested and imprisoned. The judgment dismissing the petition of *McGrosty*, in so far as relates to the charge of fraud, must be sustained for the same reason. It has virtually reserved to him the right of prosecuting his claim to judgment as in an ordinary suit.

The relief sought by the intervenor and *Meritt, Bliss & Co.* and the grounds on which they base their demands, are identical. If then the intervention had been tried with the principal action, it must have shared its fate. The intervention was not filed, as has been shown, until after the rendition of the judgment dismissing the arrest; nor did the intervenors, though in Court, object to the trial of the exception on which the two consolidated cases were dismissed. "The person intervening must be always ready to plead, or exhibit his testimony, because he has always a separate action to vindicate his rights;" and it is expressly provided, that the demand in intervention, must be decided at the the same time with the principal demand. C. P. 391, 159.

We are of opinion, under the articles cited, the principal demand having been tried, no further proceedings can be had on the intervention. *Jones* v. *Laurence,* 4 Ann. 279.

Judgments affirmed.

SLIDELL, C. J. It seems to me a sufficient reason for not disturbing the judgments in these cases, that the allegations of the petitions are too vague and general. The facts and circumstances constituting the fraud, should have been distinctly and specifically alleged.

I, therefore, concur in the affirmance of the judgments.