## JAMES TODD *v.* JAMES H. SHOUSE.

Accommodation acceptors are not creditors of the drawer of a draft accepted by them, until after it has matured, and they have been obliged to pay it, and an attachment issued by them before maturity is not rendered valid by subsequent payment of the draft, which makes them creditors of the drawer

An attachment must stand or fall according to the state of facts existing at the date of its issuing, and cannot be cured by a subsequent event.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *C. Roselius* and *A. Phillips*, for plaintiff and appellant. *T. H. Kennedy*, *J. M. Chilton*, and *Waples & Eustis*, for defendants and appellants.

LAND, J. This suit was commenced by attachment on the 18th of July, 1857, for the recovery of $2,100, alleged to be due *for money* " *advanced and lent to the defendant.*" On the same day, the Sheriff states that he attached in the hands of *Whitehead & Chambers*, all the goods and chattels, rights, credits, monies and effects, in their possession or under their control, *belonging to defendant*, from which seizure nothing came into his hands.

On the 17th of November, 1857, the plaintiff filed a supplemental petition, making *Whitehead & Chambers* garnishees to the action, and propounding interrogatories to them, in answer to which, they say they have in their possession three hundred and one pieces of Kentucky bagging, which they believe belongs to the defendant.

On the 28th of November, 1858, the plaintiff filed a second supplemental petition, in which he alleged that the *loan alluded to in his original petition*, and *constituting the basis of his action against* the defendant, *was made in the form of an acceptance of defendant's draft* for $2,100, dated July the 3d, 1857, and payable four months after date, and that at its maturity he was obliged to pay the same.

On the 11th of December, 1857, *J. A. Twyman*, *J. R. Goodloe* and *J. E. Haskins*, intervened in the suit, and claimed the property attached, by virtue of an assignment made by the defendant to them, in the State of Kentucky, of all his property, for the benefit of his creditors.

On the 9th of January, 1858, a rule was taken on the plaintiff, by the attorney appointed to represent the defendant, to show cause why the attachment issued in this case, should not be dissolved, and the suit dismissed on the following grounds :

*First*—That the debt claimed of defendant was not due at the date of the attachment, and of the filing of the original petition, and that the affidavit for at-tachment is not such as the law requires, when the debt is not actually due.

*Second*—That nothing was attached under the original process.

*Third*—That the supplemental petition filed on the 17th November, 1857, and attempted attachment under the same, are not accompanied by an affidavit as the law requires. And,

*Fourthly*—That the cause of action set out in the original petition was abandoned by the filing of the supplemental petition, filed 28th November, 1857.

It is only necessary to notice the first of these grounds, for the dissolution of the attachment. In the case of *Read et al.* v. *Ware*, almost identical with this, the court say :

" It cannot be said that, at the date of the attachment, the plaintiffs were creditors of the defendant for the amount of this accommodation acceptance. The holder was the creditor ; as between the plaintiffs and defendant, there was not an existing indebtedness payable at a future day. The subsequent payment of the bill by the plaintiffs, which made them the defendant's creditor, could not retroact so as to give validity to the attachment. An attachment must stand or fall according to the state of facts existing at the date of its issuing, and cannot be cured by a subsequent event. To say otherwise, would be to say that the defendant was liable to a double attachment at the same time, one by the bill holder and one by the accommodation acceptor."

There is no error in the judgment of the lower court, making the rule absolute and dissolving the attachment. As there was no personal citation of the defendant, nor appearance by him, the judgment on the rule terminates the suit for want of jurisdiction.

With the main action, the demand in intervention, which is but an accessory, also ends.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs. And it is further ordered and decreed, that the intervenors pay the costs of intervention in the lower court.

Cole, J., absent.