## No. 1,350.

J. MEYERS & CO. vs. CLAIBORNE BIROTTE — JOSEPH B. McCLELLAND, INTERVENOR.

The plaintiff may discontinue his suit at any stage previous to judgment, and that right on the part of an attaching or seizing creditor is not affected by the fact that a third person has intervened for the purpose of claiming the ownership of the property attached.

The dismissal of the suit operates a release of the property claimed by the intervenor, and if he wishes to be quieted in his title, he must have recourse to a direct action.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis, J.*

*Thos. H. Lewis* for Plaintiffs and Appellees.

*C. W. DuRoy* and *E. P. Veazie* for Intervenor and Appellant.

The opinion of the Court was delivered by

Poché, J.   In a suit for debt plaintiffs took out an attachment against defendant's property, whereupon intervenor claimed ownership of some of the property seized, consisting of movables and immovables.

Before trial, plaintiffs presented a motion for the dismissal of this suit at their costs, which was opposed by intervenor, on the ground that he was entitled to a judgment on the merits of the issues tendered by him in his intervention.

Intervenor's objections were overruled, the suit and the intervention were dismissed, with a reservation of intervenor's right to a separate action, as he had prayed for damages against plaintiffs ·for the wrongful seizure of intervenor's property.

The present appeal is prosecuted from that judgment by intervenor, who contends for his right under the law to have had a judgment on the demands which he urged in his intervention.   The substance of the relief which he prayed for was the release of so much of the property attached as he claimed to own; to be recognized as the lawful owner thereof, and damages in the sum of $2800 against the attaching creditors.

As he failed to make the defendant a party to his intervention, he was not in a condition to obtain such a judgment recognizing his title to the property which he claimed, as would have been binding on the defendant; *non-constat* that the latter would not himself have claimed the ownership of the same property.

The plaintiffs had the unquestioned right, previous to judgment, to discontinue their suit on paying the costs.   C. P. 491.

The dismissal of their suit operated at once the release of the property which was claimed by the intervenor, which was the very relief which the latter sought.

That disposition of the case left no issue which could be tried between himself and plaintiffs, save and except the demand for damages.   But the trial of that issue essentially depended upon that of the alleged ownership of the intervenor, and it has already been seen that that issue could not be finally determined in the absence of the defendant as a party to the trial thereof.   Under the judgment complained of intervenor's right of action under the issues which he had tendered to plaintiffs were fully reserved, and it is, therefore, difficult to discern what injury he has suffered from the judgment which he seeks to reverse.

In the case of Burrow vs. Jacobs, 38 Ann. 370, plaintiffs claimed the ownership of an immovable in the possession of defendants, and a third party intervened for the purpose of claiming ownership of

the same property. On an exception, and after hearing evidence thereon, the court dismissed the suit and the intervention.

On appeal, this court said: "The dismissal of the suit carried with it the intervention. It cannot be pretended that, by joining the plaintiffs, the intervenor became a plaintiff, or substituted herself to the plaintiffs. If she has any right to the land in question she will have to bring a proper proceeding to have the same recognized and enforced."

As there is no possible difference between the legal effect of a dismissal of a suit on an exception by the defendant, and a dismissal at the instance of plaintiff himself, it is undeniable that the ruling of that case describes accurately the position which the intervenor occupies in the present case.

The doctrine there and here enforced finds ample sanction in previous adjudications of this court. Walmsley vs. Whitefield, 24 Ann. 258; Todd vs. Shouse, 14 Ann. 426; Merritt vs. Openheim, 9 Ann. 54; Jones vs. Lawrence, 4 Ann. 279.

In keeping with that long line of authorities we conclude and we hold that when the suit or main action between plaintiff and defendant is terminated, there is no room for an intervention, the essence of which is the existence of a suit between persons other than the intervenor.

Judgment affirmed.