No. 11,433.

CITY OF NEW ORLEANS VS. C. S. DUFOSSAT ET ALS.

J. L. LEBOURGEOIS, THIRD PARTY.

In case the record discloses that a third person appealing from a judgment between other parties has no interest in the appeal, that the judgment appealed from in no way aggrieves him, and does not, as to him, form *res adjudicata,* the appeal will be dismissed on proper motion timely made

APPEAL from the Twenty-first District Court, Parish of St. John the Baptist. *Rost. J.*

---

*J. L. Bradford* Attorney for Plaintiff and Appellee:

In a suit to partition lands, when there are no issues between the parties thereto save as to mode of partition, and the judgment orders a sale to effect partition, it is irregular to allow a suspensive appeal to a stranger, who comes in by protest and informs the court that, as a defendant in another suit pending in the same court, he has an interest in the land which will be prejudiced by the judgment and sale. R. C. C. 1289, 1384, 1390 and 2452; 43 An. 1118; 16 An. 251; 14 An. 181; 3 An. 597; 1 An. 284; 11 R. 16; 7 M. (N. S.) 575; 6 M. (N. S.) 350.

---

*James Legendre* and *G. V. Soniat* Attorneys for Heirs of Joseph Soniat Dufossat, Defendants and Appellees:

Appeals under Art. 571 of the Code of Practice are allowed only to third parties who have seasonably intervened and offered proofs of their pretensions before the rendition of the judgments.

City vs. Dufossat et als.

District judges have exclusive jurisdiction in partition suits; the sufficiency *vel non* of evidence is entirely and exclusively within the discretion of the District Courts, and this court will not reverse such decrees, unless manifestly erroneous, unjust and arbitrary, and even in this latter case the remedy is not by appeal, but by *certiorari* and prohibition.

When a third party remains inactive and offers no proofs of his pretensions in the lower court, same can not be raised for the first time in a petition or motion of appeal.

Partition proceedings must be granted upon the application of the ostensible owners; they do not pass upon the real titles, but are mainly *ex parte* orders, and must be viewed with favor by our courts.

---

*W. J. Waguespack*, Curator *ad hoc* for the Minors Dufossat, Charbonnet and McClelland, Appellees:

A judgment of partition ordering a sale of the property sought to be partitioned can not aggrieve, and is not *res judicata, quoad* a third party claiming on adverse title, if said third party should afterward be decreed the real owner of the property. C. C. 2452; 1 An. 284; 3 An. 597; 16 An. 251, 280.

An appeal will be granted to a third party from an order of sale, where the property could *not*, after the sale, be wrested from the hands of third parties by a *new suit*, but it will not be granted where the property *could* be wrested from the hands of third parties by a *new suit;* in the first instance, the injury is irremediable; in the second it is remediable. 37 An. 118; 22 An. 200; 31 An. 823; 7 R. 232.

---

*W. S. Benedict* and *Robert G. Dugué* Attorneys for Jas. L. LeBourgeois, third party, Appellant:

A third person who is aggrieved by a judgment may appeal from it. [C. P. 571; 27. An. 184; 23 An. 768; 17 An. 320; 30 An. 801; 25 An. 7, 8; 3 R. 113.

If the record does not show his appealable interest, the case will be remanded to enable him to show it. 2 R. 393; 7 N. S. 575; 6 An. 529.

The injury which gives the right to appeal need not be so irreparable that money can not compensate it. 33 An. 133, 560; 22 An. 512; 24 An. 154; 26 An. 603; 23 An 52; 14 An. 57; 12 An. 455.

A partition can not be ordered unless all the parties interested are properly before the court. 45 An. 1049, 1065; 12 S. Rep. 496; 17 La. 384; 4 An. 56, 260; 44 An. 170; 15 An. 251; C. C. 1329; C. P. 1024; 41 An. 1023, 1028.

---

ON MOTION TO DISMISS.

The opinion of the court was delivered by

WATKINS, J. The plaintiffs and defendants, as appellees, unite in a motion to dismiss the appeal, which is prosecuted by Joseph L. LeBourgeois, a person not party to the suit and judgment, on the

ground that he is shown by the record to be without interest in the appeal, that the judgment rendered does not aggrieve him, and that same does not form *res adjudicata* as to his pretensions.

The *status* of this cause, in so far as it concerns this motion, is completely and accurately stated in State *ex rel.* City of New Orleans vs. Judge, 45 An. 950, wherein relators—who are plaintiffs here— demanded the revocation and annulment of the order of appeal which the respondent had granted in favor of the present appellant, on the ground that same was illegal and null.

In denying relief to the relator in the case we said:

" The case brought is an appealable one, and relator's complaint is that it has been appealed to this court, but improperly. The orderly and proper course for relator was to await action in this court on the appeal."

Availing themselves of this suggestion, doubtless, the appellees have filed this motion to dismiss.

Recapitulating, substantially, from that case, all the facts that are necessary for an understanding of the question for decision, we have the following, to-wit:

That the matter of dispute between the co-proprietors of a tract of timbered lands is, whether same is susceptible of partition in kind —plaintiffs' contention being that a sale is necessary, and the defendants disavowing the necessity of licitation of the property.

That in the judgment of the court sale was necessary and it so decreed—neither plaintiffs or defendants expressing any dissatisfaction therewith, or prosecuting any appeal therefrom.

That, notwithstanding the suit was not disposed of and remained untried for more than one year after it was filed, the appellant did not intervene and set out his demands, so as to have them examined and decided contradictorily with the parties plaintiff and defendant; but, on the contrary, appeared in open court on the day judgment was rendered and tendered a protest in writing, which is of the following purport, viz.:

" Joseph L. LeBourgeois comes into court for the sole purpose of calling its attention to the fact that the plaintiffs in this suit allege, in their petition, that the land which they seek to partition is 'the same land now the subject of a suit pending in this court, removed from the First District Court for the Parish of Orleans, in 1859, and numbered 713 on the docket of this court, in which the City of New

Orleans and Joseph Soniat Dufossat were plaintiffs and Joseph L. LeBourgeois and Felix Becnel were defendants.'

"This appearer further calls attention to the fact that he is the Joseph L. LeBourgeois referred to; that the plaintiffs and the defendants in this suit, all of whom claim, in their pleadings herein, to be the successors and legal representatives of the plaintiffs in suit No. 713, can not obtain a partition of lands, the title to which is shown by the record here to be in contest between themselves and others in another suit pending in this court, without making these others parties to their partition suit; that the said plaintiffs in this refuse to make themselves parties to the other pending suit, as they should do, and they so refuse in order to compel this appearer to forego the advantages which he enjoys as a defendant in the other suit, which he is anxious to try, but can not try, owing to the determination of the plaintiffs and the defendants in this suit not to make themselves parties to the other as aforesaid.

"Your appearer refers to the record in the said suit No. 713 and to the record in this suit, to substantiate the averments herein contained, and reserving all of his rights in the premises, he respectfully files this, his written protest, against any further steps being taken herein, until all proper parties shall be made as the law requires, and for general relief."

The purport of said protest is that the plaintiffs and defendants can not obtain a partition of said lands in this suit, because the title thereto is shown by the record to be in controversy between themselves and others in another pending suit, and they have not been made parties to the present suit.

That the court refused to allow this protest to be filed, and the protestant excepted and retained a bill of exceptions. Subsequent to the rendition of a final judgment decreeing a partition by licitation, from which neither plaintiffs or defendants appeal, the protestant obtained and prosecutes this appeal.

The following argument in favor of appellant's right we quote from his counsel's brief, viz.:

"Moreover, the sale is to be made at public outcry, after the usual advertisement, in the parish where he lives.

"Where will he find a purchaser for the property, if he wants to sell it, after these advertisements?

"Again, if he stands by and allows the sale to proceed, laches will

26

be imputed to him and he may lose his property, with no recourse except a suit for damages against persons who may, or may not, be able to pay them. If he merely protests, but does not enjoin, he will be compelled, after his title is recognized in the pending suit, to sue the purchaser to annul the sale, or to resist a suit in which the purchaser may set up his pretensions, or, if the purchaser attempts to take possession in the meantime, to sue to protect his possession.

" In any event, the judgment can only breed mischief and litigation. It was evidently obtained to stir up new litigation, to compel the appellant to bring a petitory action and resort to an injunction; tactics which this court will not countenance.

"This purpose is patent on the face of the record. No sane person interested in the land, interested, therefore, in having it sold to advantage, would dream of exposing it for sale with such an adverse claim outstanding against it; a claim which makes it unsafe for any one to buy, and impossible to expect the offer of a fair price.

" Minors claim an interest in it. They are the wards of the court, and the sale should not be permitted, if for no other reason than that their interest requires it to be postponed.

*       *       *       *       *       *       *       *       *

" Although joint owners can not be compelled to remain in indivision, a partition can only be allowed in the orderly course of judicial proceedings. All parties claiming an interest in the property must be brought before the court. Until they are in court, the partition can not be decreed. 13 S. Rep. 817, 821; 12 S. Rep. 496; 17 La. 384; 4 An. 56, 260; 44 An. 170; 15 An. 251; C. C. 1329; C. P. 1024."

And, in conclusion, his argument thus proceeds:

" We believe the prematurity of the action and the want of necessary parties are ample reasons to justify the reversal of the judgment, and we have, therefore, abstained from pointing out other defects, apparent on the face of the record, which invalidate the proceedings.

" The appellant prays the motion to dismiss may be denied, the judgment reversed and the suit dismissed."

We think it quite clear that appellant is without right or interest to interfere with the parties in the present litigation, because the judgment does not disturb his title to the property in the least, and a public judicial sale for purpose of effecting a partition *inter partes*, would not cause him any injury.

But granting, for the argument, all that appellant contends for, it is striking and evident, that it was his plain duty to have intervened and made his claim in season: and failing in this, he must take his recourse in some other and independent proceeding.

The motion to dismiss is well-grounded.

Appeal dismissed.