**(110 So. 97)**

**No. 27802.**

**ERSKINE et al. v. GARDINER.**

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Dismissal and nonsuit** ⊜⇒80.

Dismissal of plaintiff's suit carries with it dismissal of intervention.

2. **Dismissal and nonsuit** ⊜⇒75.

Where principal suit is dismissed, intervention should be dismissed without prejudice to interveners' rights in separate action.

3. **Judgment** ⊜⇒243.

Judgment in partition suit, recognizing heirs not parties to suit, *held* erroneous, since judgment cannot be rendered for or against one not party to suit.

4. **Partition** ⊜⇒46(1).

Partition suit must be dismissed if all owners are not cited, or do not consent thereto.

Appeal from Twenty-Fifth Judicial District Court, Parish of Plaquemines; J. Claude Meraux, Judge.

Partition suit by Nobert Antoine Erskine and others against Miss Mary Alice Gardiner, in which Fernando B. Puig and others, as heirs of George Urquhart, deceased, intervened. Plaintiffs' suit was dismissed and decree for partition entered, and defendant appeals. Affirmed as to dismissal of plaintiffs' suit, and set aside in all other respects, and intervention dismissed.

Olivier S. Livaudais and James Wilkinson, both of New Orleans, for appellant.

Lelander H. Perez, of New Orleans, for plaintiff appellee.

John T. Convery, of New Orleans, and Neal A. Armstrong, Jr., of Meraux, for interveners appellees.

BRUNOT, J. This is a partition suit in which an injunction is also prayed for. The petition alleges that the plaintiffs are co-owners in indivision with the defendant and the unknown heirs of George Urquhart and Mrs. George Urquhart, both deceased, of a certain described tract of land in Plaquemines parish, La.; that plaintiffs are not willing to remain as co-owners in indivision; that the property is not divisible in kind; and that a partition by licitation should be ordered. It is also alleged that the defendant has depredated upon the property, removed some timber therefrom, and, unless restrained by an injunction, will denude it of all the valuable timber remaining thereon. The prayer is for the appointment of a cura-

tor to represent the unknown heirs, for citation upon the defendant and curator, for the issuance of a restraining order without notice, for a rule to show cause why an injunction should not issue, and, after trial, for a judgment perpetuating the injunction and ordering a partition of the property by licitation. Plaintiffs also pray for a judgment ordering the defendant to account for the timber she is alleged to have removed from the property. The court issued the restraining order and a rule nisi to show cause why the injunction prayed for should not be granted. Defendant, in her return to the rule, excepts to the plaintiffs' suit, upon several grounds, viz: Want of jurisdiction in the Twenty-Fifth judicial district court to try and determine the case, nonjoinder of proper parties, no cause of action, and vagueness. The return denies that the plaintiffs own an interest in the property they seek to have partitioned; it alleges the nullity of the judgment recognizing plaintiffs as the heirs of John Erskine, Jr., and the prescription of 5, 10, and 30 years is pleaded therein. The return also sets forth the origin and chain of title under which respondent in rule and the defendant in this suit asserts ownership of the whole property.

By agreement of counsel, the exceptions and special pleas filed herein were, on the trial of the rule, referred to and considered with the merits. After the matter had been heard, argued, and submitted, all of the exceptions urged by defendant and the prescription of 30 years pleaded in the return were overruled. With respect to this plea the court held that the evidence offered in support of it did not show continuous possession of the property by respondent and by those through whom she acquired for 30 years; and the court declined to consider the alleged nullity of the judgment recognizing the plaintiffs as the heirs of the late John Erskine and Orsile Le Bœuf, because that

judgment was only collaterally attacked herein, and its nullity had been alleged in a direct suit to annul it which defendant had filed in the succession proceedings in which it was rendered.

Defendant's answer reiterates the exceptions, pleas, and averments contained in the return to the rule nisi; it alleges that plaintiffs are without right, title, or interest in the property described in their petition; and it concludes with a prayer for the rendition of a judgment reserving all rights of defendant to bring future suits for damages against them, for the dissolution of the injunction, and for the rejection of the plaintiffs' demands. Defendant filed a supplemental answer in which it is alleged that the plaintiffs are impostors; that they are the descendants of one Juan Escanio, who was never a resident of Plaquemines parish, but who resided and died in Ascension parish. There is annexed to the supplemental answer, as part thereof, quitclaim deeds of record, from all of the alleged true heirs of John Erskine, ratifying and acknowledging defendant's title and ownership of the property sought to be partitioned.

The answer of the curator ad hoc, appointed to represent the unknown heirs of George Urquhart and Mrs. George Urquhart, deceased, merely requires proof of the allegations of the petition and joins the plaintiff in their prayer for an injunction and for a partition of the property by licitation. Thereafter the curator, alleging that he had located the Urquhart heirs and had been retained by them as their attorney, withdrew from the case as curator ad hoc and intervened therein on behalf of his clients. The petition of intervention alleges that Fernando B. Puig, Ysabel Puig, Felix J. Puig, and Angele Puig are the sole heirs of George Urquhart, deceased; that George Urquhart died possessed of a one-fourth interest in the property sought to be partitioned; that de-

fendant has title to one-fourth of said property, and that the heirs of William Erskine are owners of one-half thereof; that interveners, the defendant and the heirs of William Erskine are co-owners of the whole property in the proportions named; that interveners are not willing to remain as owners in common; and that the property cannot be divided in kind. Interveners pray for service of the intervention upon plaintiffs and defendant through their counsel of record, for a judgment in their favor and against the defendant decreeing a partition by licitation, and ordering that the proceeds of the sale be deposited in the registry of the court for distribution among the rightful owners, including the proportionate share of the proceeds claimed by them. In addition to the exceptions urged to the plaintiffs' petition, defendant further excepted to the petition of intervention upon the ground that interveners did not pray for citation upon defendant, and that the citation which issued was not addressed to or served upon defendant; that interveners did not file their petition in this cause until after they had been served with a petition and had been cited to answer a demand for damages for slander of defendant's title, in a suit filed by defendant against them, at their domicile, in the civil district court of Orleans parish, which court is, for that reason, the forum in which they must disclaim ownership of the property or assert any rights they may have thereto, and that the family tree annexed to interveners' petition contradicts their alleged heirship. The record does not disclose that the foregoing exceptions were considered or passed upon by the trial judge except in so far as the judgment rendered on the merits may be held to have inferentially overruled them.

Defendant, in the answer to the intervention, denies that interveners are interested in the result of this suit or that they own any part of or have any interest in the property involved in the litigation. Interveners' allegation that they are the only legal heirs of the late George Urquhart is also denied. It is alleged in the answer to the intervention that George Urquhart and his wife, Augustine Weyler, each owned an undivided one-quarter interest in the plantation of which the tract of land sought to be partitioned formed a part; that their interest in the plantation was mortgaged in excess of its value and to avoid foreclosure proceedings the co-owners obtained a consent decree of the court ordering the sale of the property to effect a partition; that the property was advertised and sold in execution of this judgment and it was adjudicated to Mrs. J. A. Fernandez for its full value; that this sale was made with knowledge, acquiescence, and consent of all of the co-owners, and that they and their heirs are now estopped from assailing the title conveyed by it. The answer recites a number of acts of the co-owners coincident with and subsequent to this adjudication, showing their acquiescence in and ratification of the sale and their recognition of the validity of the title conveyed by it to the adjudicatee. There is also a reiteration of defendant's claim of ownership of the entire property and that the plaintiffs are impostors. The answer concludes with the averment that the property is susceptible of division in kind; and the prayer is for the dismissal of the intervention at interveners' cost.

On these pleadings the case was tried, argued, and submitted, and the court rendered a judgment rejecting the plaintiffs' demands with the costs incurred by them; recognizing the interveners, the defendant, and the legal heirs of Erskine as owners in indivision of the property sought to be partitioned in the proportion of an undivided one-fourth thereof to defendant, one-fourth to interveners, and one-half to the heirs of Er-

skine; decreeing a partition of the property by licitation; ordering the property sold and the proceeds of the sale placed in the registry of the court for partition among the rightful owners; and referring the parties to the clerk of court for the purpose of completing the partition. From this judgment the defendant alone appealed.

The proof in the record so conclusively shows that plaintiffs are in fact impostors and fraudulent claimants that they did not appeal from the judgment dismissing their suit. It is therefore unnecessary to review the many pages of oral and documentary evidence offered to establish that fact.

The record shows that the unknown heirs of the late George Urquhart and Mrs. George Urquhart were made parties to the suit and were cited through a curator ad hoc, appointed to represent them. The curator answered the suit, but on November 17, 1925, on his application, and with leave of the court, the order appointing him as curator ad hoc was recalled and set aside and the answer filed by him, in that capacity, was withdrawn. Thereafter defendant filed a jactitation suit against Fernando B. Puig, Ysabel Puig, Felix J. Puig, and Angele Puig, in the court of their domicile, and prayed therein for a judgment against said parties for damages for slander of her title to the property involved in this litigation. The parties named were served with copies of the petition and were cited to answer that suit, but, before filing an answer or making an appearance therein, they intervened in this suit. One of defendant's exceptions to the interveners' petition is based upon the issuance and service of citation upon interveners in the jactitation suit before their petition of intervention was filed in this suit. Defendant contends that the civil district court has jurisdiction of the jactitation suit, and therefore that court is the forum in which the interveners must disclaim owner-

ship of the property or assert their title to it.

[1] It is seen that there are several interesting questions raised by the exceptions, pleas, and answers filed in this case, but we do not consider it necessary to pass upon any of them, at this time, because the essence of an intervention is the existence of a suit between persons other than the intervener. This court has repeatedly held that the dismissal of the plaintiff's suit carries with it the dismissal of the intervention. In Barron v. Jacobs, 38 La. Ann. 370, as in this case, the plaintiff claimed the ownership of immovable property which was in the possession of the defendants, and an intervener asserted ownership of the property. The court in that case said:

"The dismissal of the suit carried with it the [dismissal of the] intervention. It cannot be claimed that, by joining the plaintiffs, the intervener became a plaintiff or substituted herself to the plaintiffs. If she has any right to the land in question, she will have to bring a proper proceeding to have the same recognized and enforced."

In the Barron v. Jacobs Case this court followed the rulings in Jones v. Lawrence, 4 La. Ann. 279; Merritt v. Openheim, 9 La. Ann. 54; Todd v. Shouse, 14 La. Ann. 426; Walmsley v. Whitfield, 24 La. Ann. 258.

From Besson et al. v. Mayor, etc., of Donaldsonville, 49 La. Ann. 273, 21 So. 262, we quote the following:

"The dismissal of plaintiff's suit carries with it the dismissal of the intervention, leaving to interveners the right to proceed by separate suit."

To the same effect is the case of Meyers v. Birotte, 41 La. Ann. 746, 6 So. 607.

In Gorman v. Gorman, 158 La. 276, 103 So. 767, the last expression of the court on the subject, we said:

"The intervener undoubtedly could have proceeded by direct action, but he chose to become a party to the pending suit, and we think

he had that right. Code Prac. art. 390; Civ. Code art. 2434; Labarre v. Burton, 126 La. 987, 53 So. 113. His right to intervene is not controlled by the form of action. Rives v. Gulf Refining Co., 133 La. 190, 62 So. 623; State v. Capdevielle, 122 La. 615, 48 So. 126; State ex rel. Bank v. Pilsbury, 31 La. Ann. 1.

"The intervention, however, cannot retard the principal suit (Code Prac. art. 391), and its merits can only be passed on at the time the main action is decided (Code Prac. art. 394; Dubroca v. Her Husband, 3 La. Ann. 331). Moreover, the dismissal of the principal suit would carry with it the dismissal of the intervention, reserving to the intervener his right to proceed by a separate action. Walmsley, Carver & Co. v. Whitfield, 24 La. Ann. 258; Barron v. Jacobs, 38 La. Ann. 370; Meyers & Co. v. Birotte, 41 La. Ann. 746, 6 So. 607; State v. Judge, 48 La. Ann. 458, 19 So. 256; Besson v. Mayor, 49 La. Ann. 280, 21 So. 262."

[2-4] The principal suit having been dismissed, the trial judge should have also dismissed the intervention without prejudice to the interveners' right to assert their claim of ownership of an interest in the property in the jactitation suit or by a separate action. The judgment is also erroneous because no judgment can be rendered for or against one not a party to the suit. Moreover, a partition suit must be dismissed if all of the owners are not cited or do not consent thereto. Rightor v. De Lizardi, 4 La. Ann. 261; Boutte v. Boutte, 30 La. Ann. 177; City v. Dufossat, 46 La. Ann. 398, 14 So. 884; Bank v. Choppin, 46 La. Ann. 635, 15 So. 304; Wheeler v. Mann, 149 La. 866–879, 90 So. 225.

For these reasons the judgment is sustained to the extent that it dismisses plaintiffs' suit at their costs, but it is avoided and set aside in all other respects, and it is now adjudged and decreed that the intervention filed in this suit be, and it is hereby, dismissed at interveners' cost, with all rights reserved to interveners to assert their claims in any proper proceeding or by a separate action. It is further ordered and decreed that the injunction granted herein be dissolved and that all costs incidental thereto be paid by the plaintiffs.

OVERTON and ST. PAUL, JJ., concur in decree.