On Rehearing.
 

 PONDER, Justice.
 

 Upon our attention being called to the fact that the heirs and legal representatives of John Smith had been made parties to this suit, a rehearing was granted. John Smith died subsequent to the decision of the Court of Appeal, Second Circuit, and prior to our hearing of the review. In the interim, the heirs and legal representatives of John Smith were made parties to the suit by order of this 'court. At the time we considered the review, the order was not in the envelope containing other documents filed in the suit and for that reason it did not come to the attention of the author of the original opinion handed down by this court. Since the proper persons have been made parties to the suit, our order remanding the case for that purpose must necessarily be set aside.
 

 Willie V. Smith contracted to purchase a lot in the City of Shreveport from Mrs. J. B. Atkins, Sr. John Smith, husband of Willie V. Smith, erected a house and improvements on the lot. Subsequent thereto, Willie V. Smith failed to meet the payments due under the contract, and Mrs. J. B. Atkins, Sr., brought the present suit against Willie V. Smith for the balance due under the contract, seeking to be recognized as the holder and owner of a vendor’s lien and privilege and to have the property sold to satisfy her claim. Upon the failure of Willie V. Smith to answer the suit, a judgment of default Was rendered in favor of the plaintiff. After the property was advertised for sale to satisfy the judgment, John Smith, the husband of the defendant, intervened and filed a third opposition, alleging that he was- the owner of the house; that the house was constructed with his separate funds; that it was occupied by him and his family; that it was built with the knowledge and consent of the plaintiff; and that he had filed an affidavit of ownership in compliance with Act 37 of 1882. He prayed for judgment for a sum equal to the value of the house and improvements and attorney’s fees. He asked in the alternative for permission to remove the house. Subsequently, John Smith amended his petition of intervention and third opposition and asked to be paid a sum equal to the value of the house out of the proceeds of the sale by preference and priority. On the day before the sale, John Smith filed
 
 *473
 
 a second amended petition asking in event that the sheriff should not hold the proceeds subject to the further orders of the court he be' awarded a money judgment against the plaintiff. The plaintiff interposed an exception of no cause of action which was sustained by the lower court on the ground that John Smith was not a third party; that the house and lot were community property; and that John Smith was only entitled to the excess after the payment of Mrs. Atkins’ claim. On appeal to the Court of Appeal, Second Circuit, it was held that Mrs. Atkins, had never parted with the title to the lot; that no title translative of property had ever been executed; and that the plaintiff could have no better title to the lot after her purchase of it at the sheriff’s sale than prior thereto. The petition of "intervention and third opposition was dismissed as of non-suit, and the case was remanded to the lower court to have a true copy of the contract filed in the record, as the original copy had been lost. On rehearing, the Court of Appeal, Second Circuit, affirmed its original judgment. A review was granted by this court. The matter is now .submitted for our determination.
 

 It is claimed by the heirs of John Smith that the judgment of the Court of Appeal dismissing the third opposition as of non-.suit is erroneous.
 

 In its opinion, the Court of Appeal •stated: “The claim of Intervenor and Third Opponent is based upon the judgment of the lower court in the case of Mrs. Atkins v. Willie V. Smith and if that judgment is erroneous, as we have found it is, there is nothing left to adjudge in the Intervention and Third Opposition of John Smith. His claim will therefore be dismissed as of non-suit.”
 

 It is well settled that an intervention falls with the decision of the main suit. James Todd v. James H. Shouse, 14 La.Ann. 426; C. Yale, Jr., & Co. v. P. Hoopes-Seaman, Peck & Co., Intervenors, 12 La.Ann. 460. However, we are not presented with an intervention but with a third opposition.
 

 Under the plain terms of the Code of Practice and the established jurisprudence of this State, a different rule applies to a third opposition, particularly where a third opponent claims the ownership of the seized property. Article 398 of the Code of Practice declares that if the opposition has for its object the wresting of property owned by the opponent from its illegal seizure for the obligation of the judgment debtor; it must be done by means of a petition, which, together with a citation, must be served on the party making the seizure, as in ordinary suits; but such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted.
 

 A third opposition based on alleged ownership of the property presents an issue to be tried between the third opponent and the party provoking the seizure. The third opponent stands in the attitude of plaintiff insofar as his demand is concerned, and he cannot inquire into the validity of the proceedings between the plaintiff and the defendant in the original suit. R. G. Harper v. Commercial & Railroad Bank of Vicksburg, IS La.Ann. 136. Also see, First
 
 *475
 
 Nat. Bank of Ft. Wayne, Ind. v. Ft. Wayne Artificial Ice Co., 105 La. 133, 29 So. 379. Consequently, his demand in no way depends on the outcome of the original suit between the plaintiff and the defendant.
 

 Since we have arrived at the conclusion that the third opposition is in no way dependent on the outcome of the original suit between the plaintiff and the defendant, the demand raised by third opposition should have been passed on by the Court of Appeal.
 

 For the reasons assigned our original decree remanding the case is set aside. The judgment of the Court of Appeal, Second Circuit, insofar as it dismisses the third opposition, is reversed and set aside, and the case is now remanded to the Court of Appeal, Second Circuit, for the purpose of passing on the third opposition. All costs to await the final outcome of the suit.
 

 HAMITER, J., recused.