McBRIDE, Judge.
On May 28, 1954, there was a collision between two automobiles at the intersection of Anson and Madison Streets in Jefferson Parish, and as an aftermath thereof Otto W. Strong, the owner of one of the automobiles, and his partial sub-rogee, Emmco Insurance Company, brought a direct action against the Globe Indemnity Company, the liability insurer of Sam Pitti, the owner of the other automobile involved in the crash, seeking to recover the amount of damages sustained by the Strong vehicle. After the Globe Indemnity Company had joined issue by filing its answer, Sam Pitti injected himself into the proceedings by filing what he terms a petition of intervention in which he claims of Otto W. Strong the sum of $2,000 for alleged personal injuries and for the damage sustained by his automobile as a result of the aforementioned collision. Strong excepted to the intervention on the ground that it was improperly and improvidently brought and that such proceeding is unknown to our law. This exception was overruled, and then with full reservation in and to all of his rights thereunder, Strong answered Pitti’s petition of intervention.
The matter proceeded to a trial on the merits which culminated in judgment being rendered in favor of the Emmco Insurance Company and Otto W. Strong, plaintiffs, and against Globe Indemnity Company, defendant, for the sum of $427.-61; Pitti’s intervention was dismissed at his cost.
Pitti then timely made application for a rehearing which was granted by the trial *750 judge, and upon the rehearing of the case, judgment was rendered dismissing the suit of Strong and Emmco Insurance Company against Globe Indemnity Company, and Pitti was awarded damages in the sum of $352.65 against Strong on the intervention. Strong has taken this appeal.
The only matter to be reviewed by this court is the judgment which Pitti recovered against Strong on the intervention as appellant has withdrawn his appeal as to that part of the judgment which dismisses his claim against Globe Indemnity Company.
The appellant has reurged his exception to the intervention before us. He advances the argument that such an intervention as Pitti seeks to prosecute would cause chaos and indecision in the trial of a lawsuit in that Pitti, although not a party to the suit, is endeavoring to place himself in the position of a reconvenor by filing his so-called intervention.
On the other hand, Pitti’s counsel makes the argument that the provisions of C.P. art. 390 are broad enough to permit one having an independent and separate claim for damages arising out of the same transaction to intervene in a lawsuit between other persons and to prosecute his claim even as against the plaintiff.
Our opinion is that the order of court permitting Pitti to file the intervention was improvidently issued, and we agree with Strong’s counsel that such an intervention is unknown to and wholly unauthorized by the rules of pleading and practice prevailing in this state.
Code of Practice art. 101 states:
“Besides the plaintiff and defendant, there are often other parties to the suit, such as warrantors, third persons intervening, and parties opposing; but such parties, whether plaintiffs or defendants, as the case may be, are only so incidentally and subsidi-arily.”
Intervention is defined by C.P. art. 389 thusly :
“An intervention or interpleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons; by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both.”
The next article, C.P. art. 390, contains these provisions:
“In order to be entitled to intervene, it is enough to have' an interest in the success of either of the parties to the suit, or an interest opposed to both.”
The thing involved in the main demand is a claim asserted by Emmco Insurance Company and Strong against Globe Indemnity Company for Strong’s damages, and it is a certainty that Pitti has no interest in the amount so claimed by the plaintiffs or in the success of either party to the litigation. By entering the suit he did not and could not have joined the plaintiffs in claiming the same thing or united with defendant in resisting the claim. Nor could he or did he oppose both parties to the suit.
The separate and unrelated claim for damages set forth in the petition of intervention was not something connected with the main demand within the contemplation of the article notwithstanding it arose out of the same transaction.
The right of one to intervene in a pending lawsuit is regulated by the provisions of the Code of Practice, and to exercise the right of intervention the third person must enter the suit for one of the purposes contemplated by the articles.
 We agree that C.P. art. 390 should be given somewhat of a liberal interpretation looking to the avoidance of a multiplicity of lawsuits, but we refuse to be *751 lieve that the article should be so loosely-construed as to sanction the present intervention.
To give such a liberal interpretation to C.P. art. 390 as Pitti contends for would have the effect of granting without limit the right of intervention to any person who might have been damaged as the result of the automobile accident; thus there could be injected into the original suit claims and issues rjot related to the thing claimed by the plaintiffs in the main demand. For instance, if a number of bystanders or passengers in the automobiles had suffered injury and damage as a result of the collision, each one of these persons could enter the lawsuit and assert their claims and counterclaims, the ultimate result of which would be to cause utter confusion and a frustration of orderly process of the original suit.
Article 390 of the Code of Practice was discussed by our brethren of the Second Circuit in the case of State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592, 594. In that case the Board of Medical Examiners sought to enjoin and prohibit the defendant, a chiropractor, from the practice of medicine in the State of Louisiana until such time as he should have obtained a certificate or permit required by law. Some two hundred individuals sought to intervene and unite with the defendant in the case, but the interventions were disallowed. The court said:
“A literal and liberal interpretation of the above-quoted article (390) would result in an almost unlimited and unrestricted right of intervention and would lead to cumbersome, impractical and absurd results. For example, in proceedings by the proper authority of the State to revoke a liquor license every liquor dealer of the State might qualify as having a general interest sustaining his right to intervene; in an action of disbarment every lawyer might be deemed to have such a general interest as would sustain a right of intervention. The examples are infinite. We think no such result was intended and we believe that the intent and purpose of the nature and character of interest which is necessary is more accurately delineated by the provisions of Article 391 of the Code of Practice * *
We think the quoted language particularly apropos in the instant case.
Counsel for the intervenor cites State ex rel. Pope v. Bunkie Coca Cola Bottling Co., Inc., 222 La. 603, 63 So.2d 13, in support of his argument that C.P. art. 390 should be accorded a liberal interpretation and that under the article Pitti is entitled to intervene in the suit and claim his damages sustained in the collision from the plaintiff, Strong. We do not believe that an analogous situation exists as between the cited case and the instant one. In the cited decision persons claiming ownership of some capital stock brought mandamus proceedings against the corporation to coerce transfer of the shares to the relators. A third person alleging herself to be the owner of one of the shares of stock intervened in the suit and made claim therefor. The Court held that the intervention was proper under the articles of the Code of Practice and mentioned that it was the policy of the law to abhor a multiplicity of suits and actions.
We do not believe the holding in the case cited on behalf of Pitti is controlling in the situation which confronts us for the reason that the intervenor there was claiming one of the shares of stock which was part of the very thing which the original plaintiffs claimed the corporation should have transferred into their names. In other words, the intervenor’s claim was closely allied with and germane to the main demand.
Pitti further maintains that it being the policy of the law to abhor a multiplicity of suits, his intervention should be allowed to stand if for no other reason than that he had the right to bring a separate action against Strong and that in the event he had brought such a separate action, the court *752 undoubtedly would have ordered it consolidated with this suit for the purposes of trial, and thus his intervention into the present suit, therefore, would serve the same purpose as the direct action.
We do not think that merely because Pitti had the right to file a separate suit or direct action against Strong would invest him with the right to intervene here. Pleadings in our courts are governed by established rules, and we are cognizant of no rule of law which would permit Pitti to engraft his claim for damages against Strong in the latter’s suit against another defendant.
Furthermore, it would seem that one of the requisites of an interest which would justify a third person filing an intervention into a lawsuit existing between other persons is that the intervention is of such nature that it must be dismissed if the main demand falls.
An intervention follows the main demand. It has been repeatedly held by the Supreme Court that the dismissal of the plaintiff’s suit carries with it the dismissal of the intervention. In Barron v. Jacobs, 38 La.Ann. 370, the plaintiffs claimed to be the owners of the immovable property of which the defendant had possession, and a third party intervened in the case asserting her ownership of the property. The Court said this:
“The dismissal of the suit carried with it the intervention. It cannot be claimed that, by joining the plaintiffs, the intervenor became a plaintiff or substituted herself to the plaintiffs.
“If she has any right to the land in question she will have to bring a proper proceeding to have the same recognized and enforced.”
Other cases to the same effect are: Erskine v. Gardiner, 162 La. 83, 110 So. 97; Gorman v. Gorman, 158 La. 274, 103 So. 766; Besson v. Mayor and Common Council of Donaldsonville, 49 La.Ann. 273, 21 So. 262; J. Meyers & Co. v. Birotte, 41 La. Ann. 745, 6 So. 607; Walmsley, Carver & Co. v. Whitfield, 24 La.Ann. 258; Todd v. Shouse, 14 La.Ann. 426; Merritt, Bliss & Co. v. Openheim, 9 La.Ann. 54; Jones v. Lawrence, 4 La.Ann. 279.
In Walmsley, Carver & Co. v. Whitfield, supra, the plaintiffs filed suit against defendant for the amount due for supplies and money advanced, and certain cotton was seized under a writ of sequestration. Third parties intervened claiming of defendant the amount of a debt which allegedly was secured by privilege on the same cotton and demanding also a judgment against the plaintiffs for the value of the sequestered cotton which they alleged had been unlawfully taken from the possession of the warehousemen who had held it for intervenors. Plaintiffs denied the claims of the intervenors and challenged their right to intermeddle with the plaintiffs in their pursuit of the defendant. Ultimately plaintiffs’ suit was dismissed without prejudice to the rights of the intervenors and the intervention was dismissed as in case of nonsuit. The intervenors took an appeal and it was held that the dismissal of the principal suit caused the intervention to necessarily fall.
The so-called intervention in the instant suit being an independent claim asserted by intervenor against one of the plaintiffs, it seems to us it does not meet the test of law that the intervention must be one that must fall in the event of the dismissal of plaintiff’s suit. This intervention, if such were authorized by law, could only have been dismissed in the event the plaintiffs were successful in their suit against the defendant !
The judgment overruling the exception to the intervention is reversed, and it is now ordered, adjudged and decreed that said exception be maintained, and that the judgment appealed from be reversed and the intervention dismissed.
Reversed and rendered.