HAMITER, Justice.
In this tort suit, which arises out of a collision between an automobile owned and driven by plaintiff Otto Strong and another car belonging to and operated by one Sam Pitti (the insured of the sole defendant herein, Globe Indemnity Company), we granted a writ of certiorari to the Court of Appeal for the Parish of Orleans to review its ruling on the following question: When this plaintiff invoked the direct action statute (LRS 22 :655), suing only the insurer of Sam Pitti in demanding damages, was Pitti entitled to intervene in the suit (as he proceeded to do) for the purpose of uniting with his insurer in establishing the fault of plaintiff and of seeking from the latter the damages which he sustained in the collision ?
Answering the question in the negative, the Court of Appeal decreed that Pitti’s intervention be dismissed. As a basis for the decree is maintained an exception of plaintiff (overruled by the district court) which was grounded on the allegation that the “intervention is improperly and improvidently brought, being unknown to our law.” See 105 So.2d 748.
Articles of the Louisiana Code of Practice relating to interventions and pertinent here recite:
“389. Definition. — An intervention or in-terpleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons; by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both.
“390. Interest sufficient to warrant intervention. — In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties to the suit, or an interest opposed to both.”
It is our opinion, in view of the quoted Code of Practice provisions, that the above stated question should receive an affirmative answer. To be determined by this litigation is whether the collision was caused by the negligence of Strong or Pitti or both; and clearly Pitti has a real and direct interest in the resistance of the main demand and in the success of this defendant, *117 it being to obtain a judicial determination that Strong alone was at fault.
Of course, a judgment in favor of plaintiff and against only the defendant insurer might not be (strictly speaking) res judica-ta as to Pitti. However, since the rights and obligations of the several parties involved arise out of a single transaction, and are determinable by the same evidence, certainly Pitti’s rights would be prejudiced by a ruling herein adverse to this defendant.
We are not unmindful of certain pronouncements in our jurisprudence (principally in the earlier cases) to the effect that a stranger to a cause cannot substitute himself for the plaintiff or the defendant by intervening therein. Too, we are aware of at least one holding (particularly in Erskine v. Gardiner, 162 La. 83, 110 So. 97) that on the dismissal of a suit, even after a trial of the merits, no judgment can be rendered on an intervention; that it falls with the main ■demand. However, in none of those cases was the intervenor a real party at interest (as contradistinguished from a stranger to the suit) like Pitti in this litigation.
Were it not for the provisions of the relatively recent and above cited direct action statute this intervenor would be an indispensable party to the instant proceedings. Moreover, in this connection, it may be observed that plaintiff ■ Strong did not have separate and distinct causes of action against Pitti and against the latter’s insur■er, the defendant herein. To illustrate, on a dismissal of the suit of plaintiff against the insurer alone, following a finding that he was solely responsible for the accident, unquestionably he would be barred from instituting an action against the insured Pitti.
Accordingly, the doctrines enunciated in the cases referred to above, even though effective in ordinary suits, can have no application in a proceeding such as this — one brought pursuant to the provisions of the direct action statute and in which the inter-venor Pitti is a real party at interest, not a stranger.
Our conclusion that Pitti should be permitted to intervene in this cause is in keeping with our modern jurisprudence and recent legislative enactments which generally sanction procedural results tending to avoid a multiplicity of suits. And we do not believe that the allowance of an intervention such as the one under consideration would cause, as was thought by the Court of Appeal, “utter confusion and a frustration of orderly process of the original suit.” [10S So.2d 751.] In the first place the intervention is subject to court regulation under Code of Practice Article 391 which specifically provides that it shall not retard the main demand. In the second place the procedure receiving our approval herein is peculiarly applicable to those suits brought under the direct action statute where the intervenor is a real party at interest. Incidentally, in effect it is the same procedure as that employed and recognized prior to the enactment of such statute. At such time the insured, as well as the insurer, was a principal party to the damage suit (just as intervenor proposes to be herein) ; and the insured’s presence in the cause resulted in no confusion respecting the main demand.
For the reasons assigned the judgment of the Court of Appeal for the Parish of Orleans, which dismissed the intervention by maintaining plaintiff’s exception thereto, is reversed and set aside; the exception is now overruled; and the cause is remanded to that court for consideration and determination of the merits of such intervention. Costs of the proceedings here shall be paid by plaintiff. All other costs shall await the final determination of the litigation.